73 799
105 650

## WILKERSON vs. THE STATE OF GEORGIA.

1. On an indictment for burglary, it appeared that the owner of a store left the defendant and two other persons lying on the piazza thereof when he went home; that he tried to get them to go to their dinner, but they declined; that, on his return an hour or two later, he found the store broken open and goods stolen; that he caused the three to be followed, and found them that night, seven or eight miles away, with the stolen goods in their possession, the defendant having some of the stolen snuff:

*Held*, that this was sufficient to authorize a conviction of burglary.

2. The facts that the three were there together, that they would not leave, that they were followed and the goods found on them, make such a case of conspiracy as to authorize a charge that if one breaks in and another stands by and helps and receives the goods, all are guilty.

3. The conspiracy being established, the sayings of either conspirator are admissible.

4. There was no error in allowing the solicitor general, in order to impeach a witness who had been on trial for the same offense, to ask him whether he had not on the former trial made a statement inconsistent with what he swore before the jury on this trial. The statement need not be read to the witness in order to put him on notice; it is sufficient to repeat it to him and question him concerning it.
5. It is within the court's discretion to open the case and allow further evidence after the testimony has been closed.
6. A ground of a motion for new trial that the court refused to let the defendant prove what explanation he gave of his possession of stolen property, when found in his possession, is too general. It should appear what was the explanation sought to be proved, in order to show that the defendant was hurt by its exclusion. Judgment affirmed.

October 21, 1884.

JACKSON, Chief Justice.

[Wilkerson was convicted of burglary. The facts are sufficiently set out in the first head-note. He moved for a new trial, on the following grounds:

(1), (2.) Because the verdict was contrary to law and evidence, and without evidence to support it.

(3.) Because the court charged as follows: "If two or more persons agree and go together to a house for the purpose of committing a burglary or theft, it is not necessary that they should all enter the house, for the purpose of making them all guilty. If one aids in any way, stands by and assists in opening a house, stands by and receives the goods as they are handed out, he is just as guilty as the party who actually entered the house."

(4.) Because the verdict was contrary to the charge.

(5.) Because the court refused to require the solicitor general, in questioning Mat. Holden, a witness for the defendant, in reference to his statement made upon his own trial, to read to witness what his statement was, as shown in the record, but allowed the solicitor general to propound questions to the witness in his own (the solicitor's) language.

(6.) Because the court allowed Holden, while a witness, to testify that Jim McGarrah told him, on the night before the burglary was committed, that he (McGarrah) intended to break open the store. (McGarrah, Holden and defendant were the three men who were on the porch together shortly before the burglary, and who were caught together on the night after it was committed, in possession of some of the property. Holden was a witness for the defendant, and as such, testified that he and McGarrah concocted and perpetrated the crime, and that this was done after defendant left. On cross-examination, he denied that McGarrah had told them on the previous night that he was going to break into the store, or that he (the witness) had so testified on the preliminary examination of defendant. The testimony taken on the preliminary trial was introduced over objection. It contained the statement that " Jim told us, the night before, he intended to break open the store.")

(7.) Because the court allowed the solicitor general, after the testimony had closed, to re-open it, and introduce the statement made by the witness, Holden, on his own trial, for the purpose of impeaching him.—The objection was that the testimony had been closed.

(8.) Because the court refused to allow the witness, Jim Hanner, to state what John Wilkerson said in explanation of his possession of the snuff found on his person.

The motion was overruled, and defendant excepted.]