### WEST *v.* THE STATE.

Under no theory of the case would a charge upon the subject of manslaughter, either voluntary or involuntary, have been applicable. The verdict was amply warranted by the evidence, and it was not error to overrule the motion for a new trial.

Submitted November 22, —Decided December 9, 1904.

Indictment for murder. Before Judge Felton. Houston superior court. November 2, 1904.

*R. N. Holtzclaw,* for plaintiff in error. *John C. Hart, attorney-general,* and *William Brunson, solicitor-general,* contra.

CANDLER, J.　The accused was convicted of the murder of his wife, and his motion for a new trial being overruled, he excepted. The motion complains only that the verdict was contrary to law and the evidence, and that the court erred in failing to give in charge to the jury the law relating to voluntary and to involuntary manslaughter.　The evidence for the State amply warranted the verdict of guilty of murder.　The accused offered no evidence, but relied on his statement, which was to the effect that he killed his wife accidentally, in an effort to resist an attack upon him with a deadly weapon made by a man who was accompanying her at the time.　It has been repeatedly ruled that, in the absence of a written request, the trial court is in no event required to charge upon a theory of defense presented only by the statement of the accused.　See *Andrews* v. *State,* 118 *Ga.* 4; *Darby* v. *State,* 79 *Ga.* 64.　Aside from this, however, even the statement in the present case did not authorize a charge on the subject of manslaughter, either voluntary or involuntary.　The motion for a new trial was entirely without merit, and was properly overruled.　　　*Judgment affirmed.　All the Justices concur.*