## ALLEN *v.* THE STATE.

1. In a case of one on trial for murder, where the evidence presented only two phases of homicide, viz., that of murder or accidental homicide, it was not error to charge: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention, or culpable neglect."

2. It is the duty of the judge to construct his charge according to the case as made by the evidence; and if a theory is presented only by the statement of the defendant, the court is not required to present that theory except when requested in writing.

APRIL 18, 1910.

Indictment for murder. Before Judge Rawlings. Emanuel superior court. January 4, 1910.

*Saffold & Larsen,* for plaintiff in error.

*John C. Hart, attorney-general,* and *Alfred Harrington, solicitor-general,* by *Hines & Jordan,* contra.

EVANS, P. J. Charles Allen was convicted of the murder of Beatrice Green, and recommended to the mercy of the court. He excepts to the court's refusal to grant him a new trial. The prosecution submitted evidence at the trial, tending to prove that the defendant escorted the deceased to a dance, and while she was dancing with another man the defendant deliberately shot her with a pistol, inflicting a wound in her forehead which caused her death. The defendant contended that he accidentally dropped the pistol on the floor, and that the impact of the pistol with the floor caused its discharge. The court instructed the jury on two phases of homicide, to wit, murder and accidental homicide. The special grounds of the motion for new trial complain of the incorrectness of the instructions defining homicide by accident or misadventure, and of the omission of the court to charge on the law of involuntary manslaughter.

1. The court read to the jury Penal Code, § 40, that "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears that there was no evil design, or intention, or culpable neglect." The error of the instruction is alleged to consist in this: Inasmuch as the court only instructed the jury on the law of murder and accidental homicide, he should have eliminated any reference to killing

resulting from culpable neglect, as a homicide caused by neglect is neither murder nor excusable as an accident, and therefore the charge was misleading. We do not appreciate the force of this criticism. A homicide by misadventure, where the laws absolves the slayer and holds him guiltless of crime, must not only exclude any evil design or intention of the slayer's part, but must also show an absence of culpable neglect. Whether the evidence adduced to show an accidental killing may warrant an instruction upon manslaughter is a different question.

2. In several assignments of error the prisoner contends that the court erred in failing to instruct the jury on the law of involuntary manslaughter. There was no written request to give in charge the law of involuntary manslaughter, but the insistence is that this grade of homicide was established by certain aspects of the evidence, and the court was bound to charge the jury on the subject though no request was made. The evidence of the State relating to the killing was that while the deceased was dancing with another man the defendant deliberately shot her in the head. The defendant submitted evidence that an explosion was heard on the floor, and a pistol was discovered there; that the explosion occurred near the foot of a woman, whose dress was at once found to be burning; the fire was extinguished after it had burned a small hole in the garment near its hem. No one testified to the circumstances attending the dropping of the pistol. The testimony relied on by the defendant to show that the deceased was killed by the dropping of his pistol did not explain nor illustrate how or in what manner the pistol fell to the floor. He claimed in his statement that the owner of the pistol requested him to keep it for him while he danced a set, and that in jumping up and down the pistol fell out of his pocket upon the floor and was discharged. There was nothing in the evidence to show carelessness or negligence on the part of the defendant. According to the State's evidence, the defendant was guilty of murder; according to the testimony of the witnesses offered by the defendant, the killing was accidental, without any mixture of deliberation or culpable neglect. The charge submitted the case as made by the evidence. It is the duty of the judge to construct his charge according to the case as made by the evidence; and if a theory is presented only by the statement of the defendant,

the court is not required to present that theory except when requested in writing. *West* v. *State,* 121 *Ga.* 364 (49 S. E. 266).

*Judgment affirmed. All the Justices concur.*