## 14844.   HERRINGTON v. THE STATE.

A conviction of involuntary manslaughter in the commission of an un-
lawful act was authorized by the evidence, from which it appeared that
a pedestrian was struck and killed by an automobile driven by the
defendant when the defendant was intoxicated and was driving at an
unlawful rate of speed on a public road.

The court did not err in the instructions complained of as to the effect of
evidence of the defendant's good character.

There is no merit in the exceptions to the charge of the court on involun-
tary manslaughter.

The charge of the court on intoxication as affecting the question as to
guilt was not subject to the exceptions taken.

Failure to charge as to when involuntary manslaughter is punishable as
a misdemeanor was not error.

It was not error to fail to charge that "a person shall not be found guilty
of any crime or misdemeanor committed by misfortune or accident,
where it satisfactorily appears that there was no evil design or inten-
tion or culpable neglect."

DECIDED NOVEMBER 15, 1923.   REHEARING DENIED DECEMBER 5, 1923.

Indictment for involuntary manslaughter; from Bibb superior
court—Judge Mathews.   June 1, 1923.

Application for certiorari was denied by the Supreme Court.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

LUKE, J.  The defendant was tried upon an indictment charg-
ing murder, and was convicted of involuntary manslaughter in the
commission of an unlawful act.  In his motion for a new trial,
which was overruled, he complains that the evidence did not au-
thorize the verdict, and complains of several excerpts from the
charge of the court, and of the court's failure to charge certain prin-
ciples of law, which he says were applicable and should have been
charged without request.

1.  The jury were amply authorized by the evidence to find as
a matter of fact that the defendant, while in an intoxicated con-
dition, was driving an automobile in violation of law, upon the
public road, and that while thus intoxicated and driving his
automobile at a rate of speed beyond that permitted by law, he
struck and killed a pedestrian on the highway.  The evidence fully
authorized the defendant's conviction.

2.  The defendant insists that the court erred in charging the
jury as follows: "There is evidence in the case as to the good
character of the defendant.  Any evidence offered for the purpose

of establishing good character of the defendant ought to be considered by the jury, and if the jury believes the evidence as to good character establishes his good character, then that is a substantive fact in the case that ought to be considered, as bearing upon the question as to whether or not the defendant is guilty,—as raising the question of the improbability of his guilt. Even if all the other evidence in the case should show beyond a reasonable doubt the defendant is guilty, yet if, in connection with the other evidence, the evidence as to good character raises a reasonable doubt as to his guilt, when considered in connection with all the other evidence, and that reasonable doubt is thus raised in the mind of the jury, it would be the duty of the jury to give him the benefit of the doubt and acquit him. However, if upon considering all the evidence, including that of his good character, leaves no reasonable doubt when you consider all the evidence, it would be your duty to convict him notwithstanding the proof of good character; in other words, the question, after all, is whether the defendant is guilty, and bearing upon that question you would consider the evidence as to his good character, and as a result of a consideration of that entire evidence leaves no reasonable doubt, then you would convict him, but if it did leave a reasonable doubt you would not convict him." We do not agree with the defendant's contention. See *Hill* v. *State,* 18 *Ga. App.* 259 (1 *a, b*) (89 S. E. 351), and citations.

(*a*)  Because the court erred in charging as follows: "I give you in charge, however, the law of involuntary manslaughter. Involuntary manslaughter shall consist in the killing of a human being without any intention to do so, but in the commission of an unlawful act, provided that where such involuntary killing shall happen in the commission of an unlawful act which in its consequences naturally tends to destroy the life of a human being, it shall be deemed and adjudged to be murder." The special exception to this charge is that there was no involuntary manslaughter in the commission of an unlawful act in the case. This exception is likewise without merit.

(*b*)  Because the court erred in charging the jury as follows: "I charge you, if this defendant driving his car ran against Cofer, if he was in an intoxicated condition, he is guilty of the offense of involuntary manslaughter at least, in the commission of an unlaw-

ful act; that is, if driving his car in an intoxicated condition upon the public highway, by reason of his intoxicated condition he ran against Cofer and killed him, he is guilty of involuntary manslaughter in the commission of an unlawful act, if he did not intend to kill him, because involuntary manslaughter means unintentional killing, but an unintentional killing where the person killing is in the commission of an unlawful act; and if it is committed by reason of the commission of an unlawful act, the killing, though unintentional, is a felony punishable by confinement in the penitentiary for not less than one nor more than three years." The exception to this excerpt from the charge is without merit.

(c)　Because the court erred in charging the jury as follows: "The State contends also that this defendant was guilty of involuntary manslaughter in the commission of an unlawful act in that he was driving his automobile at a rate of speed beyond what was allowed by the law. Now if this defendant was driving an automobile beyond thirty miles per hour, which the law prescribes as a maximum speed of an automobile driven upon a public highway, and if, by reason of this excessive and unlawful speed, the deceased, Cofer, was killed, and the defendant was the man who was driving the automobile, then he would be guilty of involuntary manslaughter in the commission of an unlawful act; and, as I have already told you, involuntary manslaughter in the commission of an unlawful act is a felony." The exception to this excerpt from the charge is without merit.

(d)　Because the court erred in charging the jury as follows: "I charge you that voluntary drunkenness is no excuse for crime. If, by his want of ability growing out of that fact, and want of ability to manage and drive the car, he lost control of the car on account of intoxication, that would not be a case of murder; but you look to the condition of his mind at the time, whether the condition of his mind was a reckless disregard of the life of a human being. If he knowingly ran this car against the deceased with a reckless disregard of the life of the deceased, although he was drunk, if he knowingly and intentionally did so, he would be guilty of murder. Of course, if by reason of the excessive speed he was driving he lost control of his car and unintentionally ran against the deceased, he would not be guilty of murder, but he would be guilty of the offense of involuntary manslaughter in the

commission of an unlawful act." The defendant excepts to. this excerpt from the charge (1) "because drunkenness may excuse a person for a crime,—that is, if a man is so drunk as to destroy an intention to commit a crime," and (2) because if the defendant lost control of his car and unintentionally ran against the deceased, he would not be guilty of any offense. This exception is without merit.

(*e*) Because the court erred in charging the jury as follows: "The law presumes that an intoxicated man is able to think and form purposes and intentions; and although he may form purposes and intentions he would not form if he was sober, he is just as responsible for the purposes and intentions he acts upon as though he was sober." The special exception is that the court assumed that the defendant was intoxicated. When the charge of the court is read, this exception is utterly without merit. The judge did not assume or intimate to the jury that in his opinion intoxication was proved. He charged the law correctly.

(*f*) Because the court erred in charging as follows: "If you have a reasonable doubt, however, as to his being guilty of murder, you would consider whether or not he is guilty of the offense of involuntary manslaughter in the commission of an unlawful act; and if you should find him guilty of that offense, the form of your verdict would be, 'We, the jury, find the defendant guilty of the offense of involuntary manslaughter in the commission of an unlawful act,' and you would fix a punishment by adding to your verdict, 'and we fix his punishment at not less than so many years (not less than one), and not more than so many years (not more than three), or any number between one and three, as a maximum and minimum.'" The defendant excepts to this excerpt because the court did not charge the jury on the misdemeanor part of involuntary manslaughter. The charge was proper and adjusted to the issues and the evidence in the case.

(*g*) Because the court erred in omitting to charge as follows: "Involuntary manslaughter in the commission or performance of a lawful act, where there has not been observed necessary discretion and caution, shall be punished for a misdemeanor." In view of the entire charge and the evidence in the case, this exception is without merit.

(*h*) Because the court "failed to charge the jury Section 40 of the Criminal Code . . . : 'A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, . . where it satisfactorily appears there was no evil design or intention or culpable neglect.' " This exception is likewise without merit.

3. The evidence authorized the defendant's conviction and the charge of the court was full and fair, and, if subject to any criticism, it would be that issues were presented more favorably to the defendant than to the State. In fact, the evidence would have sustained a verdict finding the defendant guilty of murder. The court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*