## 26496. COGGINS v. THE STATE.

Decided February 1, 1938.   Rehearing denied March 30, 1938.

*Luke Arnold, Isaac M. Wengrow,* for plaintiff in error.
*John S. McClelland,* solicitor, *John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

Broyles, C. J. ■ It does not appear from the recitals in the petition for certiorari that the trial judge abused his discretion in denying the motion for a continuance. The cases cited in the brief of counsel for the plaintiff in error are differentiated by their facts from this case.

■ On the trial, counsel for the defendant moved that the accusation be quashed upon the ground that E. W. Wilson, "the prosecuting witness, failed to testify or swear that he had been sworn to the affidavit in the accusation." The transcript of the record shows that the witness testified as follows: "Those are my initials, E. W. Wilson, on that accusation. That is my signature in case No. 145897. That's my signature I just looked at right there in case 145898. I imagine I swore to those accusations when I signed them. I do to all of them; as well as I re-

member, I did. As to whether I held up my right hand and swore to those accusations when I signed them, I just told you they swore us, and I wouldn't swear positively that I did, but *as well as I remember I did.*" (Italics ours.) The foregoing testimony that "as well as I remember I did" swear to the affidavit, together with the affidavit itself and the certificate thereon of the notary public that Wilson swore to and signed the affidavit before him, is sufficient to show that Wilson was sworn when he made the affidavit. "Whether the oath was or was not administered is a matter as to which the certificate of the officer is prima facie evidence, but as to which parol evidence is admissible." *Miller* v. *Caraker,* 9 *Ga. App.* 255 (2) (71 S. E. 9).

■ In connection with and as a part of the foregoing assignment of error, the plaintiff in certiorari assigns error as follows: "Because the court erred in not allowing Mr. L. C. Forbes, a notary public, before whom the affidavit was to have been made, to go on the stand by request of the attorney for the defendant." This assignment of error is defective, for several reasons: (1) It fails to show that Forbes was in the court-room or within the jurisdiction of the court. (2) It does not state what questions were to be asked Forbes, or what his expected testimony would be if placed upon the witness stand. (3) It does not show or even allege that the alleged error was harmful or prejudicial to the accused. And it is well settled by numerous decisions of the Supreme Court and this court that assignments of error in a petition for certiorari must be specific, and must plainly and distinctly set forth the errors complained of, and must show that the errors were prejudicial to the plaintiff in certiorari.

■ A motion to declare a mistrial was made by counsel for the defendant, because in a colloquy between the solicitor and defendant's counsel the solicitor remarked, in the presence of the jury, "The fellow [defendant] has been in there before." Just preceding the statement of the solicitor, counsel for the defendant had stated: "This is a serious case to this boy [the defendant] and his baby, and he is liable to have to go to the chain-gang." Thereupon the solicitor remarked: "I don't know whether he has got a wife and baby or not, and the fellow has been in there before." Counsel for the defendant then made his motion for mistrial on the ground that the statement of the solicitor would "poison the

minds of the jury." The judge overruled the motion, but instructed the jury not to consider the remark made by the solicitor about the defendant. Moreover, the defendant in his statement to the jury made the following voluntary admissions: "I admit I have been in jail and have hauled liquor and been in lots of trouble, and I have also been and made my time." Under the foregoing circumstances it does not appear that the judge abused his discretion in denying the motion to declare a mistrial.

■ The defendant's conviction of the offense charged (possessing whisky) was authorized by the evidence; and the special assignments of error not herein dealt with are expressly abandoned in the brief of counsel for the plaintiff in error. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*