### 27281. POLK *v.* THE STATE.

DECIDED JANUARY 19, 1939. REHEARING DENIED FEBRUARY 2, 1939.

*W. E. Watkins, B. B. Garland,* for plaintiff in error.
*Roy Leathers, solicitor-general,* contra.

GUERRY, J. The defendant was convicted of assault and battery. The evidence shows that the defendant, in company with another man who was married, went to the home of two girls, at night, after they had retired. The companion of the defendant knew them, the defendant did not. The girls refused to see them. After they had locked the door, the companion of the defendant continued to demand admittance, finally broke the glass in the

door, entered the house, and became engaged in a tussle with one of the girls, and they struggled out on the porch where the defendant was. The other girl, upon whom it is alleged the assault and battery were committed, procured a gun and came out on the porch and the defendant grabbed her and the gun. While they were struggling the defendant's companion told defendant to "hit her and let's run," and defendant struck her three times, "once in the mouth, in the eye, and over the eye." One of the licks knocked the girl down. The girls were screaming for help and the boys ran. The defendant in his statement admitted "tussling over the gun," but stated that if he struck her it was unintentional. He stated that his companion did tell him to hit her, but he denied that he did it.

■ Complaint is made that the court failed to charge without request on the "theory of accident." This theory was raised by the defendant's statement alone, and it was not error to fail to give same in charge. *Allen* v. *State,* 134 *Ga.* 380 (2) (67 S. E. 1038); *West* v. *State,* 121 *Ga.* 364 (49 S. E. 266); *Darby* v. *State,* 79 *Ga.* 63 (8); *Tyler* v. *State,* 42 *Ga. App.* 287 (1) (155 S. E. 786).

■ A motion for mistrial was made because the solicitor stated to the jury in his argument: "I think they went over there to satisfy their sexual desires," and, later, "You ought to thank your lucky stars you are not being tried for assault with intent to rape." In response to the motion the court said: "Counsel have the right to draw from evidence reasonable inferences, logical deductions. As to whether or not the inferences drawn or deductions drawn from the evidence are reasonable or not is a question for the jury to determine." It may be well to say that the defendant's companion, who testified on his behalf, claimed that one of the girls had broken up his happy home because of relations with him. The defendant's counsel also developed on cross-examination that these girls had frequent visitors at night. It can not be said that it was entirely illogical to argue that the defendant was entirely disassociated with his companion's intent on that night, or that the arguments or statements of the solicitor were with reference "to prejudicial facts extrinsic of the record." *Taylor* v. *State,* 121 *Ga.* 348 (49 S. E. 303). This court is prompt to protect the defendant from harmful and prejudicial statements by the solicitor which are with reference to facts, extrinsic of the record. It will not, how-

ever, restrict the discussion of matters deducible from the evidence. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*