## BEATIE v. BAKER, Judge, et al.

No. 6088.   Decided May 31, 1939.   (91 P. 2d 441.)

*W. D. Beatie,* of Salt Lake City, for plaintiff.

*Fisher Harris, E. R. Christensen,* and *Gerald Irvine,* all of Salt Lake City, for defendants.

McDONOUGH, Justice.

This is an original proceeding in this court whereby plaintiff, W. Douglas Beatie, seeks a writ of prohibition against the Hon. Clarence E. Baker, Judge of the District Court of the Third Judicial District, prohibiting the latter from proceeding to try plaintiff herein for an alleged violation of an ordinance. Plaintiff also seeks a writ of mandamus, in aid of the writ of prohibition, to compel defendant Baker as Judge to dismiss said cause against plaintiff, Beatie. Alternative writs of mandate and prohibition were issued by this court, which writs the plaintiff now seeks to have made permanent.

To the sworn application of plaintiff, filed herein, defendants have filed a demurrer on the ground that the "petition does not state facts sufficient to constitute a cause of action," thereby putting in issue the sufficiency of the allegations in plaintiff's petition to entitle him to the relief sought.

The petition of plaintiff sets forth that he was placed under arrest on a "purported speeding charge" and was given a ticket; that he appeared the next morning in the City Court of Salt Lake City and entered a plea of not guilty, and the case was set for trial on a subsequent date; that after trial the plaintiff was found guilty and sentenced to pay a fine of $25 or serve eight days in jail. The petition further alleges that immediately after sentence plaintiff demanded to see the complaint under which he was tried, it not having been theretofore read to him nor a copy thereof delivered him. The complaint is then set out in detail in

the petition. It purports to be signed by one E. J. Stein-feldt as complainant, and to have been subscribed and sworn to before Reva Beck Bosone, Judge of the City Court, on the 15th day of October 1938. The petition then recites that plaintiff appealed to the Third Judicial District Court where he interposed a demurrer to the complaint and moved to dismiss the same on the ground that the complaint did not conform to the requirements of Title 105, Chapter 57, Section 2, R. S. U. 1933, "in that the action for a public offense must be commenced by complaint, under oath, and that said complaint is not under oath." It should be observed that the foregoing is not an allegation that the complaint was not sworn to. It is but an allegation that such was a ground of his motion to dismiss in the District Court. The petition further sets out that at the hearing on the motion to dismiss plaintiff had sworn and examined the complainant E. J. Steinfeldt concerning whether the complaint had been sworn to before the judge of the City Court, and his testimony is then set out in full in the petition. It is further alleged that the demurrer of plaintiff to the complaint was overruled and his motion to dismiss denied and that the district court will proceed to try the case unless prohibited.

Such is the substance of plaintiff's petition to which defendants have demurred. (1) Are the allegations of the petition, admitted by the demurrer, such as to raise the question of law upon which plaintiff has submitted numerous authorities, to-wit: Whether under statutory provisions siimilar to those of this state the jurisdiction of the court may be invoked in a case involving a public offense by a complaint not under oath? (2) Are the allegations sufficient to entitle plaintiff to the relief sought? We think not. Nowhere in the petition is it alleged that the complaint was not sworn to. True it is alleged that Steinfeldt testified as recited in the petition, but even assuming that such testimony, if uncontradicted, would compel a conclusion that the complaint was not made under oath (a question to be adverted to hereinafter), yet it does not ap-

pear from the petition that this was the only testimony on the matter. For aught that appears in the petition, the city judge, the clerk of the city court, and other reliable witnesses may have contradicted his testimony. An allegation that a witness testified that a certain fact exists is not an allegation that the fact exists. An allegation that a motion was made on specified factual grounds is not an allegation of the facts upon which the motion is based.

Since, however, there is no intimation in defendants' brief that any other witness than Steinfeldt was sworn at the hearing on the motion, we shall assume that he was the only witness called, and on that assumption—which in all probability corresponds with the fact—we shall further examine the sufficiency of the petition.

Steinfeldt's testimony is brief and, as set out in the petition, is as follows:

"Q. Your name is E. J. Steinfeldt? A. Yes.

"Q. Mr. Steinfeldt, on November 1st, 1938, you made the original complaint in this action. Is it not a fact that you identify the signature on that complaint as being your own? A. It is.

"Q. Isn't it a fact that your signature was so affixed thereto without' having been sworn to before Reva Beck Bosone on the 15th day of October, 1938? A. I don't remember whether it was sworn to or not on that particular date.

"Q. Isn't it a fact that you swore to this complaint at the desk of Mr. Acomb on the morning of the 15th day of October, 1938? A. Not to my knowledge I don't recall this complaint being sworn to; it was, according to the way I signed complaints.

"Q. To your best knowledge, Reva Beck Bosone was not present when you signed this complaint, nor were you sworn at the time you signed this complaint, on the 15th day of October, 1938, were you? Do you understand the question? A. Yes. Not to my knowledge.

"Q. You didn't see Reva Beck Bosone put her signature on this complaint, did you? A. Well, I wouldn't know. I have seen her sign a lot of complaint(s), but I don't know about this one, if she signed it in my presence or not.

"Q. As a matter of fact don't you remember that at the time this complaint was signed Reva Beck Bosone was not there; so that it would have been impossible for her to be present at the time you signed

this complaint and to swear you to it? A. As I recall it, Reva Beck Bosone was present at the time I was signing these complaints.

"Q. But Reva Beck Bosone was not present at the signing of this complaint when you signed the same on the 15th day of October, 1938, and in your presence, was she? A. Not to my knowledge."

Taking the view of this testimony most favorable to plaintiff, the ultimate fact to be gleaned from the several answers is that the witness did not know whether he swore to the complaint or not. While the trier of the fact might infer in a given case that if the complaining witness did not know whether the complaint was sworn to or not, then it was not; yet in other cases such inference might not be at all reasonable. If such witness customarily signed numerous complaints and was unable to state positively as to a specific one that he swore to it, the inference that he did not do so is not a necessary one. The testimony of the witness Steinfeldt indicates that he signed numerous complaints. That he may have signed some which were not sworn to before the City Judge does not give rise to a necessary inference, under his testimony, that the complaint in question was one of them.

Plaintiff relies on the testimony of this witness to impeach the jurat of the city judge that the complaint was subscribed and sworn to before such judge. Assuming, without deciding, that such certification might be impeached by oral testimony, it is clear that the evidence before the district court in this case was not such as to do so. Where a complaint on its face appears to have been sworn to a presumption arises that it was. *Coggins* v. *State,* 57 Ga. App. 712, 196 S. E. 151; *People* v. *Brussel,* 122 Cal. App. Supp., 785, 7 P. 2d 403; 2 C. J. S., Affidavits, p. 971, § 21 (and cases there cited). This presumption was not overcome by testimony of the witness to the effect that he did not know whether or not it was sworn to.

Inasmuch as the defendant district judge was not compelled by the evidence before him to find that the complaint was not sworn to, we have not before us in this proceeding

the question of his duty in the premises had he so found. The numerous authorities cited by plaintiff, therefore, to the effect that a complaint not under oath does not invoke the jurisdiction of the court, and those which discuss the propriety of the relief sought, need not be discussed.

From the foregoing, it is evident that the demurrer to plaintiff's petition should be sustained, the petition dismissed, and the alternative writs issued herein quashed.

Such is the order. Costs to defendants.

MOFFAT, C. J., and WOLFE, LARSON, and PRATT, JJ., concur.