SOLESBEE, *alias* BUSH, *v.* THE STATE.

DUCKWORTH, Presiding Justice. 1. The verdict convicting the accused of murder is supported by the evidence, which includes a signed statement made by the accused, showing that the killing resulted while the defendant was in the execution of his plan to rob the deceased of his automobile. As a means of effectuating the robbery, the accused pointed a loaded pistol at and required the deceased to lie on his stomach upon the ground and place his hands behind him. Then as the accused started to fasten the hands of the deceased, the deceased kicked him in the stomach and the pistol was discharged, the bullet penetrating the back of the head of the deceased and producing his death. The general grounds of the motion for new trial are without merit.

2. Special grounds 3 and 4 complain of excerpts from the charge on justifiable homicide. It is contended that there was no evidence to authorize the charge, and that it was confusing and prejudicial. Assuming that the evidence did not authorize this charge, it was in that event more favorable to the accused than he was entitled to have given. He was not harmed thereby, and this is not ground for reversal. *Dill* v. *State,* 106 *Ga.* 683 (4) (32 S. E. 660); *Norton* v. *State,* 137 *Ga.* 842 (74 S. E. 759); *Geer* v. *State,* 184 *Ga.* 805 (1) (193 S. E. 776); *Jones* v. *State,* 197 *Ga.* 604 (4) (30 S. E. 2d, 192).

3. Special ground 7 excepts to the failure to charge the law of accident as embraced in the Code, § 26-404, it being contended that the accused

did not intend to kill the deceased. Appropriate language dealing with similar facts is found in *Russell* v. *State*, 196 *Ga.* 275, 287 (26 S. E. 2d, 528), where it is said: "Under all the evidence and the defendant's statement, the killing occurred in connection with and as one of the 'incidental probable consequences' of the robbery in which the defendant was at the time engaged. His own statement was that the deceased was shot in struggling over the gun while he was trying to tie him up so that the defendant could get away." It was there held that the court did not err in failing to charge the Code, § 26-404. "It has been held that where the homicide is from culpable neglect or the result of an unlawful act, the defense of accidental homicide is not involved. *Pool* v. *State*, 87 *Ga.* 526 (13 S. E. 556); *Allen* v. *State*, 134 *Ga.* 380 (67 S. E. 1038); *Herrington* v. *State*, 31 *Ga. App.* 167 (120 S. E. 554)." *Griffin* v. *State*, 183 *Ga.* 775, 783 (190 S. E. 2). This ground is without merit.

4. The other special grounds, complaining of the charge on the credibility of witnesses, the duty of the jury to reconcile conflicting testimony, defining direct and circumstantial evidence, and instructing the jury as to their right to recommend mercy and explaining that such a recommendation would mean life imprisonment, are all without merit.

*Judgment affirmed. Jenkins, Chief Justice, Atkinson, Wyatt, Head and Candler, Justices, and Judge Lilly concur.*

No. 16272. JULY 13, 1948.

*Pierce Brothers*, for plaintiff in error.

*Eugene Cook*, Attorney-General, *H. W. Nelson*, Solicitor-General, and *John Sammons Bell*, Assistant Attorney-General, contra.