33276.   OSTEEN, *alias* LEWIS, *v.* THE STATE.

DECIDED FEBRUARY 1, 1951.   REHEARING DENIED FEBRUARY 21, 1951.

*Grady Gillon, Frank G. Wilson, W. O. Cooper Jr.,* for plaintiff in error.

*Charles H. Garrett, Solicitor-General,* contra.

GARDNER, J. 1. There was evidence tending to establish the guilt of the defendant, that is, from which the jury were authorized to find that the defendant was one of the men in the grocery store and that he committed the burglary charged. It appeared from the evidence that two officers, who testified in the case, received a call around two or two-thirty on the morning of February 13, 1949, to go to a certain grocery store, owned by Kennedy, in Macon; that when they arrived at this store they found the front door open; that these officers went into the store, where they encountered two men; that these men immediately drew their revolvers and forced these officers to drop their guns and to stand against the wall and these officers remained in this position for some moments and the men left the store. These officers and two other witnesses testified as to having seen the men who were in this store, and two of the witnesses did not identify the defendant as being one of the men. However, the other two of these witnesses, one of whom was one of the officers who entered the store and another person who saw the police car parked outside the store and stopped his car to investigate, identified this defendant. The officer testified that he got a "profile" or side view of one of the men in the store and that this man was the defendant. The other witness stated that he saw a man walk out of the store. This man ordered him to drive on, and this man was the defendant. In these circumstances, while the other evidence, particularly with reference to establishing that the three men were seen together before the burglary and as to what took place thereafter and as to what was said by the defendant and the others, was in conflict and in parts unsatisfactory, and the jury might well have found that this defendant was not present and could not have been present at the time of this burglary, there was sufficient evidence connecting the defendant as one of the men breaking into this store. It follows that the trial judge did not err in overruling the defendant's motion for a new trial on the general grounds.

2. The defendant contended in the first special ground that the trial court erred in not granting a mistrial because the solicitor-general during his argument to the jury stated, "I am going to prove what Bone told the officers out there in Mississippi

about what transpired here in Macon." This defendant immediately moved for a mistrial in that such remark, he contended, was improper and was prejudicial to him, and that it was not based upon any evidence before the jury. The court overruled the defendant's motion, and instructed the jury that: "We are trying the case of the State against Clifton Osteen. You are concerned in the trial of this case with the guilt or innocence of Clifton Osteen only, you are not concerned as to the trial of this case with the guilt or innocence of any other party whatsoever. Any remarks that may have been made which might reflect on the guilt or innocence of any other person than Clifton Osteen you will disregard, because you are concerned, as I say, with the guilt or innocence of this defendant only."

Bone was jointly indicted with this defendant and with one Pilcher. He had been apprehended in the State of Mississippi and was at the time of the trial in that State. While the court did not charge on conspiracy in this case, and while it was not necessary to prove any conspiracy between the three men jointly indicted here and charged with having committed this burglary, there was evidence from which the jury were authorized to find that the defendant and the men jointly indicted with him, were seen together in this store, the evening before the burglary took place early the following morning, apparently "casing" the store, that is, familiarizing themselves with the location of the various objects in the store and with the inside of the building, were seen together about the city in various places during the day and afternoon prior to this burglary, and the defendant Osteen and Pilcher were seen riding in the latter's automobile, shortly after the alleged burglary, by an officer who followed them in his car, first seeing them near the scene of the alleged burglary, and the fact that the defendant was identified as one of the two men in the store around two-thirty in the morning and during the commission of the burglary. Therefore, under the law, the sayings and acts of either would have been chargeable to the others. See *Wilkerson* v. *State,* 73 *Ga.* 799, wherein the facts are similar to those in the present case. Besides, it does not appear from this statement of the solicitor-general what the joint defendant, Bone, had told the officers in Mississippi as to what had transpired in Macon. It does not appear that Bone

had stated anything which would have been either prejudicial or beneficial to this defendant. The matter of declaring a mistrial for improper remarks of the solicitor-general in his argument before the jury rests largely with the discretion of the trial judge, "and unless it is apparent that a mistrial was essential to preservation of the right of fair trial, the discretion will not be interfered with." *Manchester* v. *State,* 171 *Ga.* 121 (7), 132 (155 S. E. 11). See also *Polk* v. *State,* 59 *Ga. App.* 425 (1 S. E. 2d, 66). It appears that the trial judge instructed the jury that any remarks made by the solicitor, which might reflect upon the guilt or innocence of the accused, were to be disregarded by them. If any prejudice resulted from these remarks of the solicitor, the court adequately instructed the jury in the matter. See *Green* v. *State,* 52 *Ga. App.* 290, 292 (183 S. E. 204) ; *Coggins* v. *State,* 57 *Ga. App.* 710 (4) (196 S. E. 149).

In these circumstances, it does not appear that the trial judge abused his discretion nor that the grant of a mistrial by the court "was essential to preservation of the right of fair trial." The court did not err as complained of in this special ground.

3. Counsel for the defendant, W. O. Cooper, Esq., during the course of his argument to the jury sought to read from a book entitled "Convicting the Innocent" by Professor Borchard of Yale University, and upon objection thereto by the solicitor-general, the court sustained such objection as follows:

"I think that rule established in *Jones* against *The State* in 166 *Ga.,* page 255, is sound, as stated in this language: 'While counsel may quote from memory, or even read brief extracts of literature, or historical matter to illustrate and make effective a discussion of the facts, nothing which performs the office of evidence, or introduces facts calculated to influence the jury, can first be used in argument.' Applying that rule to the situation with which we are now confronted in the concluding argument by the defendant, I am disposed to rule that counsel are entirely within their rights in arguing the fallibility of conviction on circumstantial evidence and the fallibility of identification testimony. I think counsel are entirely within their rights to refer to the fact that there have been cases of conviction of innocent persons because of the fallibility of that type of evidence. I believe it is outside of the rule to make reference

to specific individual cases giving the general facts of a specific case where the conviction was wrongful because it seems to me this is partaking of the nature of stating in the argument facts which are not in this record and which the State has no opportunity to reply to one way or another. Have I made myself clear? I sustain the objection. Mr. Cooper, you may make general reference if you like, but not refer to specific cases. You may make that argument which is within the law, sir."

The defendant assigns this ruling as error in the second special ground, contending that counsel had a right to read cases bearing on the fallibility of evidence as to identification of an accused from this book and that the court thus "unduly restricted his counsel in his argument" in that he was denied the right to have his counsel "fully and fairly" explain and present his contentions to the jury to the effect that circumstantial evidence was not infallible and also that "identification testimony was not infallible."

In *Jones* v. *State*, 166 *Ga.* 251 (142 S. E. 866), it was held that such books by experts on the particular subject cannot be read to the jury in the argument, over objection, without having been introduced in evidence, citing *Quattlebaum* v. *State*, 119 *Ga.* 433 (4, 5) (46 S. E. 677). In *Styles* v. *State*, 129 *Ga.* 425 (59 S. E. 249), a murder case, it was held that it was improper for the jurors to read an editorial wherein it was stated, "In Canada the law against murder is enforced vigorously and swiftly. The consequence is, the number of homicides is small in comparison with the number in this country. What is needed is a stirring of the consciences of the people. They must have impressed upon them the sacredness of human life. When they have a proper regard for it, juries will not be swayed by sentiment or seek excuses to avoid their duty." And the court said, "Anything not legitimately arising out of the trial of the case, which tends to destroy the impartiality of the juror, should be discountenanced. . . Verdicts should be the result of calm deliberation, founded upon the law and evidence. The accomplishment of that object can never be assured where irrelevant things which tend to destroy the impartiality of the jurors" are permitted to be considered by the jurors.

We are of the opinion that the trial judge correctly sustained

the objection of the solicitor-general here. *Cribb* v. *State,* 118 *Ga.* 316 (45 S. E. 396); *Glover* v. *State,* 15 *Ga. App.* 47, 53 (3) (82 S. E. 602); *Jones* v. *State,* 65 *Ga.* 507, are not applicable. See the opinion of this court in *Hill* v. *State,* 73 *Ga. App.* 293, 301 (36 S. E. 2d, 191), which establishes the law now applicable, and which was in force on the date of the trial of the instant case. See also *Bryant* v. *State,* 191 *Ga.* 686, 687 (5) (13 S. E. 2d, 820).

It follows that no error of law appears in the second special ground.

4. No error of law appearing and the evidence being sufficient to authorize the defendant's conviction, the trial court properly overruled the motion for a new trial, as amended.

*Judgment affirmed. Sutton, C.J., MacIntyre, P.J.,* and *Worrill, J., concur. Felton* and *Townsend, JJ., dissent.*

TOWNSEND, J., dissenting. From the second division of the opinion and the judgment affirming this case, I dissent. The first special ground of the amended motion for a new trial contends that the trial court erred in refusing to grant a mistrial on motion of defendant's attorney on account of improper and prejudicial remarks made by the solicitor-general in his argument to the jury following the conclusion of the introduction of the evidence. The argument complained of is as follows: "I am going to prove what Bone told the officers out there in Mississippi about what transpired here in Macon." According to this ground of the amended motion for a new trial, the remarks of the solicitor-general immediately preceding the foregoing statement were as follows: "Bone is out in Mississippi and we cannot get him until they are through with him, and when we do get him we will have him up here, then we will prove our case again, by legal evidence."

There is no evidence that Bone made any statement to the officers in Mississippi. Arguments of counsel shall be confined to the law and the facts involved in the case then before the court. See Code (Ann. Supp.) § 24-3319; *Mitchum* v. *State,* 11 *Ga.* 615. Code § 81-1009 provides as follows: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also

rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." When the improper argument complained of here was made by the solicitor-general, the defendant moved for a mistrial. It was not incumbent upon the trial court to grant the mistrial unless, in his discretion, it was necessary to order a mistrial to correct the improper impression. However, the motion for a mistrial was broad enough to make the ruling of the court the basis for a review. In *Brooks* v. *State,* 55 *Ga. App.* 227, 231 (189 S. E. 852), quoting from *Southern Railway* v. *Brown,* 126 *Ga.* 1, 6 (54 S. E. 911), it is held as follows: "When improper argument is made by counsel, counsel for the opposite party, in order to make the action of the judge in reference to the same the basis for a review, may object to the argument, and rest simply on the objection; and if the court fails to take any notice of the objection and allows the argument to proceed, this conduct may be reviewed, or he may, in addition to his objection, move for appropriate instructions to the jury, or for a reprimand or rebuke of counsel, in order that the jury may be impressed with the grave nature of the impropriety which has taken place; or, if the impropriety is of a very grave character, he may move for a mistrial, and upon the refusal of the court to do that which ought to have been done on the motion made, whatever its nature may be, the conduct of the judge will then be a subject for review by this court." On motion of counsel for a mistrial, the failure of the court to do that which ought to have been done becomes a subject for review here. The ruling of the court was as follows: "Gentlemen of the jury, we are trying the case of the State against Clifton Osteen. You are concerned in the trial of this case with the guilt or innocence of Clifton Osteen only, you are not concerned as to the trial of this case with the guilt or innocence of any other party whatsoever. Any remarks that may have been made which might reflect on the guilt or innocence of any other person than Clifton Osteen you will disregard, because you are concerned, as I say, with the guilt or innocence of this defendant only."

The instructions of the court failed to carry a rebuke of

counsel, which is made mandatory by Code § 81-1009 hereinbefore quoted, where the argument of counsel is improper. This improper argument could not be said to be harmless. In the first place the verdict was not demanded by the evidence. Also, the evidence of the State tended to show a conspiracy between Bone, this defendant, and another person. Any statement made by Bone in Mississippi would necessarily have been after the conclusion of the conspiracy and would not have been admissible against this defendant. *Wall* v. *State,* 153 *Ga.* 309 (2, b) (112 S. E. 142) ; *Lance* v. *State,* 166 *Ga.* 15 (2) (142 S. E. 105). *Wilkerson* v. *State,* 73 *Ga.* 799 (3) (supra), cited by the majority, is not applicable here because there it appears that the statement of the co-conspirator was made pending the conspiracy. However, the testimony of witnesses as to the association of Bone and the defendant would naturally tend to cause the jury to speculate on what the solicitor-general would prove Bone told the officers in Mississippi about the participation of this defendant in this burglary. It could have but implied to the jury that had he been permitted to do so the solicitor-general would have proved that Bone told the officers in Mississippi that this defendant participated in the crime. As was said in *Mitchum* v. *State,* supra, at page 634: "When counsel are permitted to state facts [not in evidence] in argument and to comment upon them, the usage of the courts regulating trials is departed from, the laws of evidence are violated, and the full benefit of trial by jury is therefore denied. . . To an extent not definable, yet to a dangerous extent, they are evidence, not given under oath—without cross-examination, and irrespective of all those precautionary rules by which competency is tested."

The instructions of the trial court were to the effect that the jury was not to consider any remarks made by counsel which might reflect on the guilt of Bone, they being only concerned with the guilt or innocence of this defendant. However, the instructions failed to go far enough to instruct the jury to disregard these particular remarks and contained nothing from which the jury could have inferred any rebuke by the court of the solicitor-general for the making of the remarks in question.

I concur in the remaining divisions of the opinion.