37856. STALLINGS *v.* THE STATE.

CARLISLE, Judge. 1. Where the evidence adduced on the trial of one charged with murder showed that the defendant deliberately fired a pistol across a field and into a woods under circumstances from which the jury could infer that the defendant knew, or should have known, of the presence of the deceased in the area and in the general direction in which he fired the pistol, the jury were authorized to find that the defendant had committed an unlawful act in so firing the pistol under the circumstances (Code § 26-1702), and the verdict finding the defendant guilty of involuntary manslaughter in the commission of an unlawful act was authorized by the

evidence. Where the defendant on the trial of the case of the character above indicated admitted the shooting of the pistol, and relied for a defense solely on the contention that the fact that the deceased was struck by the bullet and killed thereby was accidental, a finding in favor of such defense is not demanded by evidence which shows merely that the ultimate target which the bullet from the defendant's gun hit was an unintended one. This is true notwithstanding the fact that the defendant was on his own property, a 50-acre tract of land, and that the deceased could have been legally classified as a trespasser thereon at the time of the shooting. See in this connection Code § 26-404; *Pool* v. *State,* 87 *Ga.* 526 (3) (13 S. E. 556); *Leonard* v. *State,* 133 *Ga.* 435 (5) (66 S. E. 251); *Allen* v. *State,* 134 *Ga.* 380, 381 (1) (67 S. E. 1038); *Griffin* v. *State,* 183 *Ga.* 775, 783 (6) (190 S. E. 2); *Sosebee* v. *State,* 204 *Ga.* 16 (3) (48 S. E. 2d 834); *Baker* v. *State,* 12 *Ga. App.* 553 (1) (77 S. E. 884).

2. Where one discharges a .22 caliber pistol, which is an instrument likely to produce death, under such circumstances as to authorize the jury to find that he had notice that someone might have been present and in a position to come within range of the projectile fired thereby, and where the bullet did in fact strike and inflict a mortal wound upon someone, and where under one view of the evidence the jury was authorized to find that the defendant saw, or could have seen, the deceased at the time he fired the pistol, the jury would be authorized to reject the defense of accident and to find the defendant guilty of involuntary manslaughter in the commission of an unlawful act. The rulings of this and of the preceding headnote substantially dispose of the contentions made in the general grounds and in special grounds 3 and 4 of the motion for new trial.

3. Special ground 1 of the motion for new trial complains because the court permitted a witness to testify over objection of the defendant that the deceased upon being shot said, "Oh, oh, I'm shot," the only ground of objection being that the defendant moved to exclude what the deceased said unless it was shown that it was in the presence of the defendant. This ground of objection was entirely too vague and general to present any question for decision by the trial court. Furthermore, it is not apparent from this ground of the motion for a new trial how this evidence was harmful to the defendant.

No contention was made by the defendant that the deceased had not been shot, the defendant in fact admitting in his statement to the jury that he shot the deceased, resting his case solely on the defense of accident. This ground fails to show harmful or reversible error.

4. In special ground 2 complaint is made because the trial court permitted the solicitor to state to the court in the presence of the jury what he expected to prove by a question and answer which the court had ruled out on objection by counsel for the defendant. This ground shows that counsel for the defendant, prior to the court permitting the solicitor to make his statement, moved that it not be made in the presence of the jury, but the court instructed the solicitor to go ahead and the solicitor made the statement that he expected to prove that the effect of a bullet striking flesh would be to mar the face of the bullet, after which the trial court stated that that was a question or a matter for the jury to decide, and instructed the solicitor to go on to something else. This ground fails to show that counsel for the defendant invoked any further ruling by the trial court with respect to the statement made by the solicitor, and it fails to show that any motion for a mistrial, or request that the court instruct the jury to disregard the statement of the solicitor, was ever made by counsel for the defendant. Under these circumstances, this ground presents no question for decision.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 23, 1959—REHEARING DENIED OCTOBER 5, 1959.

*Shirley C. Boykin, Wm. P. Johnson,* for plaintiff in error.
*Wright Lipford, Solicitor-General,* contra.