40924. GORE v. THE STATE.

RUSSELL, Judge. 1. The discretion of the trial court in a criminal case in refusing to declare a mistrial because of remarks by counsel contended to be prejudicial will not be interfered with where it does not appear that the grant of the mistrial

was necessary in order to preserve the defendant's right to a fair trial. *Worthy v. State,* 184 Ga. 402 (191 SE 457); *Osteen v. State,* 83 Ga. App. 346 (63 SE2d 416). Where the remark is improper, a mistrial may be the only method of destroying its prejudicial effect, or the court may take milder action, such as rebuking counsel and cautioning the jury not to consider it; the motion for mistrial raises the question of what ameliorative action less than the summary cutting off the trial is obligatory on the judge under the circumstances. *Code* § 81-1009; *Martin v. State,* 10 Ga. App. 798 (74 SE 306). In this case the defendant Mable Gore was indicted for assault with intent to murder Willie Gore, the main witness for the prosecution, and a verdict of shooting at another was returned. A divorce action was pending at the time between the parties. It was the witness' contention, known to the State, and later the subject of testimony, that the parties were not legally married because of a previous undissolved marriage of the witness. Under these circumstances the solicitor's first question was: "Do you know a woman by the name of Mable who goes by the name of Gore?," and the defendant moved for a mistrial on the ground that the question put her character in issue. The solicitor offered to withdraw the remark; counsel for the defendant refused the offer. The trial judge in overruling this ground of the motion stated that under these circumstances it was his opinion that counsel for the defendant was requesting a mistrial or nothing, and he overruled the motion.

The implication of the solicitor's question did not go beyond the evidence in the case; it was accordingly not so prejudicial that the effect could be cured only by a mistrial. See *Sheppard v. State,* 44 Ga. App. 481 (4), 491 (162 SE 413); *Pressley v. State,* 207 Ga. 274 (4) (61 SE2d 113). In view of the fact that counsel for the defendant stated he did not wish the question withdrawn and rephrased, basing his reason on the fact that he intended to use it as a reason for offering evidence to the contrary, the failure of the trial court to use milder corrective measures short of a mistrial was likewise not reversible error. Special ground 1 is without merit.

2. The concept of a fair trial demands not only that the judge adhere to the rules of law, but that he satisfy himself, when the matter is brought to his attention, that no witness or party is imposed upon by reason of his dullness or ignorance

and thus placed in a position of appearing to testify to that which he does not in fact understand. Where counsel for the defendant asked the prosecutor, an illiterate person with a third grade education, a question about "the only means of ingress to that particular bathroom," and the solicitor objected on the ground that "the question was too big," a statement by the court, "I don't think he [the witness] understands what he [the attorney] means" is not ground for a mistrial as a prohibited expression of opinion under *Code* § 81-1104.

The general grounds of the motion for a new trial are abandoned. The trial court did not err in overruling the motion for any reason assigned.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

DECIDED SEPTEMBER 23, 1964.

*Daniel Duke,* for plaintiff in error.

*William T. Boyd, Solicitor General, Carter Goode, J. Walter LeCraw,* contra.