## 51498. KEYE v. THE STATE.

Stolz, Judge.

The defendant, tried for murder, appeals from his conviction of voluntary manslaughter.

1. The defendant's contention that the trial judge should have given his requested charge on accident, is without merit. The evidence, including the defendant's own sworn testimony and construed most favorably to the defendant, showed that the defendant became involved in an argument with several persons, left the scene to purchase a knife to "scare" the others, returned immediately with the knife, and was swinging the knife at another person when the deceased, whom the defendant testified he did not see and who was the defendant's friend, was fatally stabbed by the defendant. The defendant claims accident.

"A crime is a violation of a statute of this State in which there shall be a union of [sic; "or" in the former Code] joint operation of act, or omission to act, and intention, *or criminal negligence.*" (Emphasis supplied.) Code Ann. § 26-601 (Ga. L. 1968, pp. 1249, 1269). "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no *criminal scheme* or *undertaking,* or *intention,* or *criminal negligence.*" (Emphasis supplied.) Code Ann. § 26-602 (Ga. L. 1968, pp. 1249, 1269). "Where one shoots at another with a pistol and hits him, the law presumes prima facie that he did it with malice, and this presumption is not rebutted by proof that the parties had been good friends, or that the defendant immediately after the shooting regrets the act." *Carrigan v. State,* 206 Ga. 707, 719 (58 SE2d 407). There was ample evidence to corroborate the prima facie presumption of criminal intent in the case at bar.

Even if there was no such intent, however, the charge on accident was not authorized. " 'It has been held that where the homicide is from culpable neglect or the result of an unlawful act, the defense of accidental homicide is not involved. *Pool v. State,* 87 Ga. 526 (13 SE 556); *Allen v. State,* 134 Ga. 380 (67 SE 1038); *Herrington v. State,* 31 Ga. App. 167 (120 SE 554).' *Griffin v. State,* 183 Ga. 775,

783 (190 SE 2)." *Solesbee v. State,* 204 Ga. 16, 17 (3) (48 SE2d 834). "Criminal negligence as used in the statutes of this State means not merely such negligence as might be the foundation of a damage suit, but reckless and wanton negligence and of such a character as to show an utter disregard for the safety of others who might reasonably be expected to be injured thereby." *Thomas v. State,* 73 Ga. App. 803 (4) (38 SE2d 188). "The offense of murder may be committed when there is no actual intent to kill . . . [E]very person is presumed to intend the natural and probable consequences of his conduct, particularly if that conduct be unlawful and dangerous to the safety or lives of others . . . 'There are wanton or reckless states of mind which are sometimes the equivalent of a specific intention to kill, and which may and should be treated by the jury as amounting to such intention when productive of violence likely to result in the destruction of life, . . .' " *Jackson v. State,* 204 Ga. 47, 48 (48 SE2d 864) and cits.

The evidence in the case sub judice shows that the defendant left the scene of the argument, thus having an opportunity for the voice of reason and humanity to be heard, yet purchased a knife and returned to continue the fray. Hence, it appears that there did exist a "criminal scheme or undertaking, or intention, or criminal negligence," as provided in Code Ann. § 26-602, supra. The fact that such criminal scheme or undertaking, or intention may not have been directed toward the decedent, would not absolve the defendant of the consequences of the act, inasmuch as the act of swinging a knife blade among a group of persons in close proximity can be found to be criminal negligence or culpable neglect, especially where the defendant had an opportunity to leave the scene and avoid further confrontation, but chose not to do so. In *Pool v. State,* 87 Ga. 526 (5) (13 SE 556), the Supreme Court held that where the evidence showed conclusively that the defendant handled his pistol in such a reckless manner as to make it dangerous to *bystanders* (which the defendant contends the decedent was), the trial judge properly refused to charge on the law of homicide by misfortune or accident. In *Stallings v. State,* 100 Ga. App. 327 (1) (111 SE2d 109), this court held that a finding in favor of the defense of accident was not

demanded by evidence which showed "merely that the ultimate target which the bullet from the defendant's gun hit was an unintended one." We see little practical difference between the reckless handling of a gun and a knife as far as the possibilities of injury therefrom are concerned. Moreover, the trial judge in the case sub judice charged on the essential elements of the crime with which the defendant was charged and the lesser included crimes, including the necessity of intent, with which the crime is committed. Cf. *Whigham v. State,* 131 Ga. App. 261 (2) (205 SE2d 467) and cits.

2. Since, as we have held in Division 1 above, the killing of the decedent, even if unintended, was done as an incident to the unlawful (with the criminal negligence taking the place of intent) act of brandishing the knife at others, the failure to charge the provisions of Code Ann. § 26-1103 (b) (Ga. L. 1968, pp. 1249, 1276) (involuntary manslaughter in the commission of a lawful act in an unlawful manner) was not error.

3. The charge in regard to "cooling time," even if erroneous, was harmless because it was given in connection with the charge of murder and the defendant was convicted of voluntary manslaughter, which was authorized by the evidence. See *Towns v. State,* 127 Ga. App. 751 (5) (195 SE2d 235).

4. The remaining enumerated errors are not argued, hence are deemed abandoned.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED OCTOBER 30, 1975 — DECIDED NOVEMBER 21, 1975.

*James E. Yates, III,* for appellant.
*Andrew J. Ryan, Jr., District Attorney, William H. McAbee, II, Assistant District Attorney,* for appellee.