64887. JORDAN v. THE STATE.

BANKE, Judge.

The appellant was indicted for murder and found guilty of voluntary manslaughter. On appeal, he contends that the evidence does not support the verdict and that the court erred in failing to charge on the doctrine of "transfer of intent." *Held:*

1. The evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the appellant was guilty of voluntary manslaughter in that he fatally stabbed the victim with a knife during an altercation in which he intended to stab someone else. See *Keye v. State,* 136 Ga. App. 707 (1) (222 SE2d 172) (1975); *Powell v. State,* 51 Ga. App. 7 (179 SE 205) (1935).

2. The court gave the jury the following charge on the so-called doctrine of transferred intent: "If a person intentionally or recklessly to the extent of being so wanton as to completely disregard the probable danger to human life, if such a person has the riotous intent of killing one person and thrusts a knife at one person but kills a third person such an offender would be guilty of murder unless such act was done in self-defense, or under circumstances of justification even

though the person killed was not the intended victim. There are wanton or reckless states of mind which are sometimes the equivalent of a specific intention to kill and which may and could be treated by the jury as amounting to such intention when productive of violence likely to result in the destruction of life."

This charge was in accordance with *Jackson v. State,* 204 Ga. 47, 48 (48 SE2d 864) (1948), as well as the cases previously cited and was an adequate charge on the doctrine of transferred intent. See also *Bentley v. State,* 131 Ga. App. 425, 430 (9) (205 SE2d 904) (1974); *Chelsey v. State,* 121 Ga. 340, 343-344 (49 SE 258) (1904).

3. The remaining enumeration of error, which asserts some unspecified violation of constitutional rights, is deemed abandoned pursuant to Rule 15(c)(2) of this court due to the appellant's failure to provide supporting argument or citation of authority.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 26, 1982.

*John N. Crudup,* for appellant.
*Jeff C. Wayne, District Attorney, Christopher J. Walker III, Assistant District Attorney,* for appellee.