## SAMS *v.* THE STATE.

1. One who provokes a difficulty may yet defend himself against violence on the part of the one provoked, if the violence be disproportionate to the seriousness of the provocation, or greater in degree than the law recognizes as justifiable under the circumstances.

2. Except in so far as the charge of the court conflicted with the ruling announced in the preceding note, there was no error on the trial to which exception was properly taken.

Submitted October 16,—Decided November 8, 1905.

Indictment for assault with intent to murder. Before Judge Reagan. Fayette superior court. June 10, 1905.

*J. W. Wise* and *J. W. Culpepper,* for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general,* contra.

CANDLER, J. The accused was tried under an indictment charging him with assault with intent to murder, and was found guilty of the statutory offense of shooting at another. He made a motion for a new trial, which was overruled, and he excepted.

1. The evidence showed that the accused fired several shots from a rifle at one Frank Porter, one of the shots striking Porter in the leg. There was also evidence for the accused to the effect that Porter was the aggressor, that he threatened the life of the accused and opened fire upon him at the time of the difficulty, and that the accused shot only in self-defense. This, however, was contradicted by the witnesses for the State. The judge charged the jury: "If in this case, gentlemen of the jury, Frank Porter did make an assault upon the defendant, or if he was attempting to make a serious personal injury amounting to a felony on the person of this defendant, or if Frank Porter's conduct—his acts—at the time of the shooting was such as to cause a reasonable man to fear a felony was about to be inflicted upon him, if the circumstances and conduct of the defendant at the time were sufficient to authorize Frank Porter to make the assault upon him, then he would not be justifiable, because no act of Frank Porter in the matter would itself, if the act was brought about by the act of the defendant, justify the defendant; and that act would be no justification of the defendant." While this charge is undoubtedly open to the objection made against it that it was confusing in its tendency, we are not prepared to hold that it was sufficiently so to require the grant of a new trial on that ground. A more serious objection to it, and one which was duly made in the motion for a new trial, is that the concluding clause of the charge, viz., "no act of Frank Porter in the matter would itself, if the act was brought about by the act of the defendant, justify the defendant," does not correctly state the law applicable to the case. Undoubtedly, if one provoke a difficulty, and the per-

son provoked resent the affront offered in such a manner and to such an extent as the law recognizes as reasonable and justifiable, the other party to the difficulty will not be justified in repelling by force an assault for which he was directly responsible. Thus, if A draw a knife and advance in a threatening manner upon B, the fact that B, upon such provocation, drew a pistol and fired upon A would not justify A in killing or wounding B. But if the resentment of the party provoked is disproportionate to the seriousness. of the provocation, the same rule would not apply. It must be such resentment as a reasonable man would indulge; and if it surpass that, the other party, even though he may have provoked the difficulty, would have the right to defend himself against threatened injury. To pursue the illustration already given, if A speak contemptuously or insultingly to B, or advance upon him in a threatening manner but not under such circumstances as to give reasonable apprehension of serious bodily harm, B would have no right to attempt to take the life of A, and if he did so A would have the right to repel the attempt, though it were necessary to take B's life in doing so. This principle has been announced repeatedly in the decisions of this court. See *Boatwright* v. *State,* 89 *Ga.* 140; *Butler* v. *State,* 92 *Ga.* 606; *Fussell* v. *State,* 94 *Ga.* 78; *Barton* v. *State,* 96 *Ga.* 435. In the present case there was. evidence from which the jury might have inferred that Porter, the man alleged to have been assaulted by the accused, fired the first shot on account of the fact that the accused had, on the previous day, attempted to induce Porter's wife to have sexual intercourse with him; and the effect of the charge complained of might have been to lead the jury to believe that if the accused had provoked the difficulty by reason of the conduct referred to, Porter had the right to fire at him, while the accused had no right to defend himself from the assault. The charge excepted to was clearly erroneous, and was cause for a new trial.

2. The remaining grounds of the motion for a new trial disclose no reason for reversing the judgment of the lower court. The charge to the effect that the man whom the accused shot was justified in assaulting the accused with a deadly weapon if the assault was necessary to prevent the commission of a felony by the accused on the wife of the other combatant was not warranted by any view of the evidence; but the motion does not attack it on this ground,

and the assignment of error made is without merit. There was ample evidence to authorize the charge on the subject of mutual combat; and it and the other charges complained of were, so far as appears from the record, free from error. The case is sent back for another trial solely on account of the error pointed out in the first division of this opinion.

*Judgment reversed. All the Justices concur.*