### 5125.  WILSON v. THE STATE.

RUSSELL, J.   1. There was evidence which would have authorized the jury to infer that while justifiably shooting at another person, the defendant accidentally shot the person named in the indictment, but there was also evidence that the accused shot recklessly into a crowd and that by this shot the wound was inflicted.  Consequently the verdict finding the accused guilty of the offense of shooting at another was authorized.

2. There being no error of law complained of, it was not error to refuse a new trial.          *Judgment affirmed.*

POTTLE, J., dissenting. Under the evidence the accused was guilty of assault with intent to murder, or not guilty of any offense. To authorize a conviction of the statutory offense of shooting at another, it must appear that the accused intentionally shot at the person named in the indictment. If he shot at another person, either with the intent to kill or to wound that person, and unintentionally hit a bystander, he could not be convicted of the statutory offense of shooting at the bystander. He might be guilty of the offense of assault with intent to murder the bystander, or of murder (if the latter had been killed), but in no event could he be convicted of the statutory offense of shooting at another.

DECIDED OCTOBER 28, 1913.

Indictment for shooting at another; from Randolph superior court—Judge Worrill. July 8, 1913.

*Charles W. Worrill, G. H. Perry*, for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold*, contra.