### 9104. HOLMES *v.* THE STATE.

1. The instruction of the court to the jury that they should disregard any language the solicitor might use in reference to the defendant, but should pass upon the case upon the evidence and the defendant's statement, rendered harmless the improper remark made by the State's counsel in his argument to the jury.
2. The evidence supports the verdict of guilty of shooting at a dwelling-house, and the fact that the defendant may have been guilty, in the same transaction, of unlawfully shooting at another does not render this verdict illegal.

DECIDED OCTOBER 31, 1917.

Accusation of unlawful shooting; from city court of Dublin—Judge Flynt. July 25, 1917.

*Smyth Burch, J. E. Burch,* for plaintiff in error.

*S. P. New, solicitor,* contra.

HARWELL, J. Donnie Holmes was tried and convicted on an accusation charging him with unlawfully shooting at, towards, and into the dwelling-house of one Elbert Higgins. (Acts 1910, p. 137; Park's Penal Code, § 115 (a).) The evidence shows that the deefndant passed by the house of the prosecutor, who was defendant's stepfather, at about seven or eight o'clock at night, and while in front of this house began cursing. The prosecutor told him to stop cursing. Defendant went on down the road, but in half an hour returned and stopped before the house. The prosecutor testified: "He was there cursing and telling me to come out; he was begging and prevailing me to come out—just dared me to stick my head out of the door." The defendant fired at the house with a shotgun, the shots striking over the porch, where the porch joined the house. The testimony of other witnesses also shows clearly that defendant shot the house, and the testimony of others shows that he afterwards admitted the shooting. It is con-

tended that the evidence made out a case of unlawful shooting at another, and that therefore there could be no conviction of the offense of shooting at a dwelling, as charged in the accusation. There is no merit in this contention. The defendant was convicted of unlawfully shooting at the dwelling-house; and should the facts show that he was at the same time unlawfully shooting at another, it would not render this conviction illegal. Compare *Smallwood* v. *State, 9 Ga. App.* 300 (2) (70 S. E. 1124).

Judgment affirmed. *Broyles, P. J., and Bloodworth, J., concur.*