### 11231.  WARD *v*. THE STATE.

LUKE, J.  1. "The idea of prevention, or defense against an impending or progressing wrong, must enter into all cases of justifiable homicide. To deliberately kill in revenge for a past injury, however heinous, after reason has had time to resume its sway, can not be justifiable." *Mize v. State*, 135 *Ga.* 291 (3) (69 S. E. 173).

2. "One against whom, or whose wife, an offense, no matter how heinous, has been committed, can not in law be justified ' in taking vengeance in his own hands and in deliberately seeking out and following up the wrong-doer and slaying him." *Perry* v. *State*, 102 *Ga.* 365 (10) (30 S. E. 903).

3. "Section 75 of the Penal Code is not applicable to cases of homicide where the defense relied upon is self-defense." *Ripley* v. *State*, 7 *Ga. App.* 679 (2) (67 S. E. 834).

4. Upon the trial of the instant case there was no evidence, and nothing in the defendant's statement, to show that the deceased was killed to prevent him from making a forcible attack upon or invasion of the defendant's property or habitation, or to prevent an assault upon any member of the defendant's family. On the contrary, the defendant, in his statement and by the testimony of his witnesses, attempted to show that the killing was *solely* in defense of the defendant's person and life. The undisputed evidence shows that the deceased was brought from his (the deceased's) house by the defendant, and that the killing took place in the public road in front of the defendant's house, and at that time the deceased was not making an effort to enter the defendant's premises, or attempting any forcible attack upon or invasion thereof, or attempting to injure any member of the defendant's family. Under these circumstances sections 72, 74, and 75 of the Penal Code (1910) were not applicable, and the court properly omitted to charge them.

5. The court properly omitted to charge section 76 of the Penal Code (1910), the jury having been fully instructed upon the law of justifiable homicide and its effect upon the verdict. *Worley* v. *State*, 136 *Ga.* 231 (4) (71 S. E. 153).

6. The excerpt from the charge of the court upon the subject of impeachment of witnesses was adapted to the particular facts of the case, and was not erroneous for any reason assigned.
7. The charge upon the law of voluntary manslaughter was amply authorized by the evidence.
8. The other excerpts from the charge, as complained of in the motion for a new trial, contain no error.
9. The verdict was authorized by the evidence, and for no reason assigned was it error to overrule the motion for a new trial.

> *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
> DECIDED MAY 11, 1920. REHEARING DENIED JULY 14, 1920.

Indictment for murder — conviction of manslaughter; from Houston superior court — Judge Mathews. December 13, 1919.

*B. J. Fowler, John R. Cooper,* for plaintiff in error.

*Charles H. Garrett, solicitor-general, Herbert Clay,* contra.