### 14185. PULLIAM *v.* THE STATE.

LUKE, J. 1. "In order for the exclusion of oral testimony to be considered as a ground for a new trial, it must appear *that a pertinent question was asked,* and that the court ruled out the answer; and [where the evidence was elicited upon direct examination] *that a statement was made to the court at the time, showing what the answer would be;* and that such testimony was material, and would have benefited the complaining party." *Griffin* v. *Henderson*, 117 *Ga.* 382 (2) (43 S. E. 712). Under this ruling, grounds 4, 5, 6, and 7 of the motion for a new trial cannot be considered.

2. A motion for a mistrial was made by the defendant's counsel, because the solicitor-general, during his argument to the jury, said that "it did not matter if Arnie Pulliam, the defendant, did go to Sunday school;" that "up here in North Georgia, not long ago, the jury convicted a Sunday school superintendent of manufacturing liquor." The direction by the court to the solicitor-general to confine his remarks to this case, and his instruction to the jury to disregard any statement in reference to any other case, rendered harmless the improper remark made by the State's counsel in his argument to the jury. See *Holmes* v. *State*, 21 *Ga. App.* 150 (1) (94 S. E. 69); *Garrett* v. *State*, 21 *Ga. App.* 801, 802 (8) (95 S. E. 301).

3. The grounds of the motion for a new trial which complain that the court refused to give to the jury certain instructions requested in writing are not in proper form for consideration, it not being alleged that the requested instructions were pertinent and applicable to the facts of the case. *Killabrew* v. *State*, 26 *Ga. App.* 231, 232 (2) (105 S. E. 711); *Savannah & Southern Ry.* v. *Davis*, 28 *Ga. App.* 654 (2 b) (112 S. E. 907).

(a) Moreover, as far as legal and pertinent, the requested instructions were covered by the charge given. "Where the court has fully and fairly submitted in his charge to the jury the law applicable to the whole case, he is not bound to give any further charge, however proper or legal." *Georgia Railroad* v. *Thomas*, 73 *Ga.* 350 (2); *McKenzie* v. *State*, 28 *Ga. App.* 35 (4) (110 S. E. 248).

4. Under the particular facts of the case this court cannot say that the trial judge abused his discretion in refusing, on motion of one of the defendant's counsel, to postpone the case until the defendant's leading counsel could reach the court-house.

5. The alleged newly discovered evidence is merely cumulative and impeaching, and is not of such character as would probably cause a different verdict to be returned upon another trial of the case.

6. The remaining special grounds of the motion for a new trial are without merit.

7. The verdict was authorized by the evidence, and, having been approved by the trial judge, this court is without authority to interfere.

>*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
>DECIDED MAY 15, 1923.

Indictment for making liquor; from Campbell superior court — Judge Hutcheson. November 18, 1922.

*Harwell, Fairman & Barrett,* for plaintiff in error.

*Alonzo M. Brand, solicitor-general,* contra.