### 22010. McMULLEN *v.* THE STATE.

W. I. Geer, P. Z. Geer, for plaintiff in error.

B. T. Castellow, solicitor-general, Bond Almand, contra.

LUKE, J. Joe Taylor McMullen was charged with committing murder on May 2, 1930, in Miller county, by stabbing John Bell with a knife. The jury found the defendant guilty of voluntary manslaughter. He excepts to the judgment overruling his motion for a new trial.

That the defendant killed John Bell in Miller county on the afternoon of May 2, 1930, by cutting him in the neck with a knife, was proved by the State, and not denied by the defendant. It also appears from the record that the defendant and John Bell had a previous personal difficulty on the morning of the homicide, and that both parties had been drinking before the fatal rencounter, but whether either of them was drunk, or which was more intoxicated than the other, are questions about which the witnesses differ.

Douglas Roberts, sworn for the State, testified in part as follows: "I saw John Bell first in the evening about four or five o'clock . . coming up the road. . . He . . was walking. Brewster Mc-Mullen was with me. He is an uncle of Joe Taylor McMullen. . . Me and Brewster McMullen were walking, meeting John Bell. John Bell walked in about twenty feet, and stuck his hand in his bosom and said, 'You all stop,' . . and I went walking up close to John Bell, and he begun telling me about a row. . . . We were standing there talking, and Joe Taylor McMullen and George Mc-Mullen and Roy McMullen walked up; and Joe McMullen walked around and laid his hand on my shoulder, and Joe McMullen walked around me, and John Bell backed and said, 'Boys, God damn you, say that again.' He doubled up his fists, and Joe Taylor Mc-Mullen and George doubled up their fists, and John Bell and Joe

Taylor McMullen went together. They run together and went to fighting. Each one run into the other. John Bell had his fists, and Joe Taylor McMullen had his knife, and I run in between them and told Brewster McMullen to come and help me get them apart, and John Bell come over this shoulder of mine and hit Joe Taylor McMullen; and George said: 'Cut him;' and I said, 'I would not cut him;' but he did cut him. John Bell had no weapon at the time Joe Taylor McMullen cut him. I got the stick out of his hand. . . When Joe Taylor McMullen cut John Bell, he struck him around my left shoulder. He cut John Bell in the hollow of the neck, about the collar-bone."

On cross-examination Douglas Roberts swore in part: "He [John Bell] had his fist doubled up. . . George McMullen had a stick, and drawed it back and said, 'You see that, don't you?' and I went in between . . Joe Taylor McMullen and John Bell. John Bell hit the first lick in that difficulty with a stick about two inches around and two feet long. You could kill a man with it. . . John Bell was a stout man, . . about fifty pounds heavier than Joe Taylor McMullen."

In the main the defendant's evidence is, in effect, that John Bell was drunk; that he had cursed and tried to start trouble earlier in the day with the McMullens; and that John Bell struck the defendant with his fist, and was advancing on him with a heavy stick when the defendant cut in self-defense. The defendant's statement in full was as follows: "Well, gentlemen, I had to do what I did to protect myself. I thought he was going to kill me or injure me with that stick, and I did what I did to protect myself."

We have not undertaken to set out all the evidence adduced at the trial, but we think it clearly appears from the evidence that this is not a case where there could have been no legal verdict except guilty of murder, or not guilty. We are satisfied that voluntary manslaughter was involved in the case, and that the evidence abundantly supports the verdict finding the defendant guilty of that offense. We therefore hold that there is no merit in the general grounds of the motion for a new trial.

The assignment in special ground 1 that the court erred in charging the law of voluntary manslaughter, for the reason the defendant "was guilty of murder or guilty of nothing," is not meritorious. The assignment that the charge was improperly given because

"voluntary manslaughter was not involved in the case" is in effect the same as the assignment first mentioned. There is no merit in it.

■ The court while charging upon voluntary manslaughter did not err in including in the charge that part of section 65 of the Penal Code (1910) which reads as follows: "Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder." *Deal* v. *State,* 145 *Ga.* 33 (1) (88 S. E. 573).

■ Special ground 2 avers that the court erred in charging the law of mutual combat, because there was no evidence to authorize it, and because the charge given was "confusing and misleading to the jury." The evidence warranted the charge, and there is no merit in the ground.

■ In special ground 3 complaint is made of the following charge: "Justifiable homicide, as applicable to the issues involved in this case, means killing in self-defense, or in defense of person against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on his person. A bare fear of any of those offenses to prevent which the homicide is alleged to have been committed shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable man, and that the party killing really acted under the influence of those fears, and not in a spirit of revenge. To justify one who kills a person under the doctrine of reasonable fears, the danger must be apparent; it must be present and progressing at the time, or apparently so; and the killing must be done in good faith, under the influence of such fears, and not in a spirit of revenge." It is contended that this charge was erroneous (*a*) because it "commingled the law of justifiable homicide with the doctrine of the fears of a reasonable man," and (*b*) because it deprived the defendant of defending himself against an apparent danger. The ground is not meritorious.

■ Coming to special ground 4, we hold that the court did not for any reason assigned commit reversible error in charging the jury as follows: "Now the defense set up by the defendant is that at the time of the killing the deceased was assaulting him. He claims that the deceased made an assault upon him by striking him with a stick; and that he acted in self-defense, and the killing of the de-

ceased was to protect himself from a serious personal injury about to be inflicted upon him, and he claims that he believed his life was in danger, and that the only reason he stabbed the deceased, he believed he was about to strike him with a stick." In order to illustrate our adverse ruling upon this ground we shall state the substance of the assignment of error. Error is assigned because the defendant "did not contend that the only reason he stabbed the deceased was that he believed he was about to strike him with a stick, but he claimed, and insisted before the jury, that the deceased was a man much stronger than he was, and larger, and that he was armed with a pole, and attempting to kill him with a pole, and that the pole was a weapon that you could produce death with, and that in order to protect himself from this attempted assault upon his life, . . he stabbed in his own defense. . ." It is further contended that the charge "deprived him of all right of self-defense . . and left the jury to believe that the defendant relied solely upon the fact" that he thought the deceased "was about to strike him with a stick, when in fact he relied upon the law of the fears of a reasonable man." It is further contended that the charge impressed the jury with the fact that "if the jury should believe that the deceased was not about to strike the defendant with a stick, . . he would not be justifiable, and was therefore confusing to the jury."

■ Special ground 5 complains that the court did not (without request) charge section 75 of the Penal Code (1910), which reads as follows: "All other instances which stand upon the same footing of reason and justice as those enumerated, shall be justifiable homicide." This section is not applicable to the facts of the case, and there is no merit in the ground. See, in this connection, *Ward* v. *State,* 25 *Ga. App.* 296 (3) (103 S. E. 726).

■ Special ground 6 avers that the court, without request, failed to charge section 76 of the Penal Code (1910), which is as follows: "The homicide appearing to be justifiable, the person indicted shall, upon the trial, be fully acquitted and discharged." The principle announced in this section was embodied in the charge given to the jury, and there is no merit in the ground. In this connection see paragraph 5 of the decision in the *Ward* case, supra.

Special ground 7 is so similar to grounds which have already been discussed that we do not deem it necessary to pass upon it in detail.

We see nothing in the charge complained of that would lead the jury to believe that the doctrine of reasonable fears is applicable to manslaughter. Neither do we think that the charge "deprived the defendant of all right of self-defense," or that it was confusing. We hold that the ground discloses no reversible error.

Special ground 8 is defective, in that it does not set out the charge referred to, and does not show wherein it "commingled the law of self-defense and the defense of person with the law of vol-untary manslaughter."

Special ground 9 merely sets out a charge upon mutual combat, and avers that the court erred in giving such charge. Why, or how, or wherein the court erred does not appear from the ground, and there is really no assignment of error therein.

It appears from special ground 10 that the court instructed the jury in substance that McMullen defended upon the ground that the deceased was striking him with a stick and he cut the deceased to protect himself against a serious personal injury, and (2) that he defended also upon the ground that "the deceased was about to strike him with a stick" and that he cut Bell "under the fears of a reasonable man that his life was in danger;" and that if the deceased struck the defendant "with his hands only" he would be guilty of voluntary manslaughter. It is contended that the court erred in charging the jury on three conflicting theories of defense. Viewing the case from the viewpoint of the evidence and the defendant's statement to the jury, we detect no reversible error for the reason indicated, or for any other reason. The assignments in this ground, complaining of "the charges embraced in the 9th and 10th paragraphs of the amended motion," and averring that they "were in direct conflict," etc., and that the charges in those two grounds "commingled the law in Code section 73 with . . sections 70 and 71," are hardly in proper form for consideration, since the assignments refer to two separate grounds and are themselves somewhat "commingled." However, viewing the charge as a whole, we see no merit in those assignments in any event.

*Judgment affirmed. Broyles, C. J., and Hooper, J., concur.*