23044. RICHARDSON *v.* THE STATE.

DECIDED JUNE 16, 1933.

*J. T. Powell, H. O. Farr,* for plaintiff in error.
*A. B. Spence, solicitor-general,* contra.

BROYLES, C. J. . 1. In a criminal prosecution, where there is no proof of a plenary confession by the accused, but proof only of incriminatory admissions, it is reversible error for the court to charge the law of confessions. *Benford* v. *State*, 38 *Ga. App.* 740 (145 S. E. 474), and citations.

2. The defendant in the instant case was convicted of simple larceny (cow stealing). The only evidence as to any confession or incriminatory admissions by him was the following testimony of the prosecutrix: "After I learned my yearling had been killed, I saw the defendant. He came to my gate and talked with A. W. King in my presence. He said he was too old to serve a sentence and would satisfy me—do any way to give satisfaction, and offered me first three of his yearlings. I wouldn't accept them. He acknowledged killing two of mine. He [said that he] sold one, and his boy and wife sold one to Mr. Johnson." It is obvious that the foregoing statements of the accused did not amount to a confession. His admission that he had killed and sold the cows of the prosecutrix did not amount to an admission that he had stolen them. He might have believed them to be his property at the time of the killing and the sale, and discovered subsequently that they were the property of the prosecutrix. "Unless the statement of the defendant is broad enough to comprehend every essential element necessary to make out the case against him, it can not be said

to be an admission of guilt." *Owens* v. *State,* 120 *Ga.* 296, 298 (48 S. E. 21). The statement of the accused in the instant case was not broad enough to amount to an admission of his guilt, but was merely an avowal of facts or circumstances from which his guilt might be inferred, and which only tended to prove the offense charged. See *Fletcher* v. *State,* 43 *Ga. App.* 405 (159 S. E. 126), and citations. The evidence showing only incriminatory admissions by the accused, it was reversible error for the court to instruct the jury upon the law of confessions.

3. The other alleged errors, not being likely to recur on another trial, are not passed upon.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*