25034. OLIPHANT *et al. v.* THE STATE.

BROYLES, C. J. 1. Proof of incriminatory admissions will not authorize a charge on the subject of confessions. Unless the admissions are broad enough to comprehend every essential element necessary to make out the case against the defendant, they can not be held to be admissions of his guilt. "There is a very wide distinction between admitting the main fact and admitting some minor or subordinate fact or series of facts which could be true whether the main fact existed or not. A confession is a voluntary admission of *guilt;* an admission, as applied to criminal cases, is the avowal of a fact or of circumstances from which guilt *may* be inferred, but only *tending* to prove the offense charged and not amounting to a confession of guilt." *Riley* v. *State,* 1 *Ga. App.* 651 (3) (57 S. E. 1031) ; *Benford* v. *State,* 38 *Ga. App.* 740 (145 S. E. 474), and cit.; *Richardson* v. *State,* 47 *Ga. App.* 138 (169 S. E. 770).

2. In the instant case, the admissions of the defendants were not broad enough to amount to admissions of their guilt of the offense charged (simple larceny), but were merely statements that they desired to settle the case and were willing to pay the prosecutors for the stolen property in order to stop the prosecution. Such statements were merely incriminatory admissions and only *tended* to prove their guilt, and it was reversible error for the court to charge the law of confessions. *Fletcher* v. *State,* 43 *Ga. App.* 405 (159 S. E. 126) ; *Richardson* v. *State,* supra. The error was not cured by the statement in the charge that the prosecution contended the defendants had made a confession, and it was for the jury to determine whether such a confession had been made.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 13, 1935.

*D. W. Mitchell,* for plaintiffs in error.
*John C. Mitchell, solicitor-general,* contra.