OWEN *v.* THE STATE.

No. 15926. SEPTEMBER 5, 1947.

*Cody U. Watson,* for plaintiff in error.

*Eugene Cook, Attorney-General, J. Cecil Davis, Solicitor-General,* and *Margaret Hartson,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The evidence authorized the verdict.

■ Error is alleged upon the following portion of the charge: "The defendant enters upon the trial of the case with the presumption of innocence in his favor, and that presumption remains with him throughout the trial and until and unless the State shall overcome it and remove it by the introduction of testimony in your presence and hearing sufficient to convince your minds beyond a reasonable doubt as to the guilt of the accused." It is contended that the court should have said, *"guilt of the crime alleged,"* instead of *"guilt of the accused."* The portion of the charge here complained of is in language almost identical with that in *Cady* v. *State,* 198 *Ga.* 99, 114 (16) (31 S. E. 2d, 38), and is not subject to the criticism urged.

■ It was not error for the court to charge as follows: "Moral and reasonable certainty is all that can be expected in legal investigation. Whether dependent upon direct or circumstantial evidence, the true question in all criminal cases is not whether it be possible that the conclusion at which the testimony points may be false but whether the evidence is sufficient to satisfy the minds and consciences of the jury beyond a reasonable doubt as to the guilt of the accused." The foregoing is substantially in the language of the Code, § 38-110.

4. It is strenuously insisted by the attorney for the accused that the court erred in failing to charge, without request, the Code, § 26-1009, defining the law of involuntary manslaughter. From a careful search of the testimony produced, we find nothing therein that would inject the law of involuntary manslaughter. The evidence showed that the accused broke into the house for the purpose of shooting the deceased, and in the struggle that ensued the shot was fired. One of the witnesses testified, "I saw the gun when he put the end of it against Tommie and shot him." The wife of

the deceased testified: "He throwed his flashlight on Tommie in the bed, and he throwed up the gun, and I grabbed it when he throwed it on him in the bed. Then Tommie got up. . . He grabbed the gun, and they was tussling . . over it. . . When he got him to the door he shot him. . . He put the gun right on him and shot him." Nor is involuntary manslaughter involved by reason of the testimony of Sheriff Hogan who, in testifying as to a statement made to him by the accused shortly after his arrest, in part said: "And he told me, he says, 'I didn't mean to kill Tommie, but I went down there to shoot him though.' " Breaking and entering the dwelling house with the intent of shooting the deceased would be burglary, as the Code, § 26-2401, provides: "Burglary is the breaking and entering into the dwelling . . with intent to commit a felony or larceny." Breaking into the dwelling with intent to shoot a person is breaking with intent to commit a felony, either under the Code, § 26-1403, defining assault with intent to murder, or under § 26-1702, defining shooting at another. It would make no difference whether he intended merely to shoot the deceased or to kill him, either would be a felony, and breaking and entering the dwelling house, with either intent, would constitute the crime of burglary, which is punishable, under § 26-2402, by imprisonment in the penitentiary from one to twenty years. The Code, § 26-1009, in defining involuntary manslaughter provides that an involuntary killing committed in the prosecution of a crime punishable by confinement in the penitentiary shall be deemed to be murder. Therefore, burglary being a crime punishable by confinement in the penitentiary, and the homicide having been committed in the prosecution of that crime, there can be no involuntary manslaughter involved. It might be further stated that, if the testimony in this case be construed to mean that the gun was discharged by the accused in the struggle, unintentionally, it would still not involve the law of involuntary manslaughter. See *Ford* v. *State*, 202 *Ga.* 599 (44 S. E. 2d, 263), and citations.

Whether or not the accused in his statement to the jury related such circumstances as would inject the law of involuntary manslaughter into the case need not be determined. There was no written request presented, and in the absence thereof it is not error to fail to give a charge on a theory presented solely by a defend-

ant's statement. This rule of law is too well recognized to require citation.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*