## 34375. BRASWELL *v.* THE STATE.

Decided January 17, 1953.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.

*J. Cecil Davis, Solicitor-General,* contra.

GARDNER, P. J.   In passing upon the alleged error complained of in the special ground it is necessary that this court consider the evidence in order to determine whether or not the defendant made a statement which amounted to a confession, and which was such as authorized the trial judge—when instructing the jury on the cardinal principles of law necessary· to be applied and considered by them in determining under the facts of this case whether the defendant was guilty as charged—to charge the law as to confessions.

At the most, the statement made by the defendant, some 45 or more minutes after the wreck in which the defendant's Chevrolet car was overturned, to State Trooper Cannon, who had arrived at the scene of the wreck—that he, the defendant, had been driving his Chevrolet automobile at the time of the accident—was not a confession by this defendant that he was guilty on said occasion of driving his automobile while under the influence of intoxicating liquor.   It appeared that the defendant was driving his car along the Edgehill to Mitchell road in Glascock County, which is not a paved highway but is a dirt road, when a wreck occurred; and that the defendant was carried from the scene by some person in an automobile, and he went to the home of his employer some two miles distant.   The sheriff of the county testified: that, when he arrived at the scene of the wreck, no one was there; that he was at the scene just a short time before this defendant and the other two boys returned; that they got back several minutes before the State troopers arrived; that Horace Downs, the employer of the defendant, came up along about the time they did; that the defendant stated that he had been to the home of Horace Downs, which is about two miles from the scene of the wreck; that the defendant when he returned was drinking, and from the odor of the liquor, the witness was of the opinion that the defendant had been drinking an hour or two; that the odor of his breath was not that of a person who had just taken a fresh drink, and "you could tell the defendant had been drinking by his looks and his actions"; that the defendant said he was driving the Chevrolet that was lying in the center of the road, "turned bottom upwards"; that he

made this statement freely and voluntarily, and without hope of reward or fear of punishment. The State trooper to whom the defendant made this statement stated that the defendant was intoxicated, and in his opinion had been "under the influence as much as an hour"; that he arrived at the scene about 45 minutes after he received word of the accident, and that the defendant stated to him that he was driving the Chevrolet car. Another witness for the State testified that he heard the defendant tell Trooper Cannon that he had been driving the Chevrolet, but that he did not go to the scene right at the time, but got there about the time the sheriff did, and that was 25 or 30 minutes after the accident. The defendant stated: "I didn't have a drink of whisky. A friend I knew came along and went to the bossman's home, and on the way up there he gave me a drink of whisky. He found out I was nervous and gave me a drink on the way. I hadn't had a drink." From the foregoing, the State contends that the statement made by the defendant to Trooper Cannon amounted to a confession and justified the charge on the subject of confessions, complained of in the special ground.

In charging the jury, it is error to assume that the defendant has made a confession, and then go on to instruct the jury as if the confession were already established. *Covington* v. *State*, 79 *Ga.* 687 (7 S. E. 153). In that case the court also held that "Admissions by the prisoner which only tend to prove his participation in the crime charged, are not direct but circumstantial evidence; and in charging the jury upon them the court should not characterize them as a confession, since doing so would imply that the prisoner had acknowledged his guilt." To the same effect see *Dumas* v. *State*, 63 *Ga.* 600, cited by Judge Bleckley in his opinion in the *Covington* case, supra. Where the law of confessions is not applicable under the facts, it is error to charge thereon. *Boston* v. *State*, 94 *Ga.* 590 (20 S. E. 98). The statement of the defendant to the trooper, that he was driving the car at the time it was wrecked, was not a confession and did not authorize a charge on the subject of confessions. It was error for the judge in charging the jury to refer to this statement as a confession. *Fletcher* v. *State*, 90 *Ga.* 468 (17 S. E. 100). The fact that the sheriff and the trooper were of the opinion that the

defendant had been intoxicated for more than an hour does not render such statement a confession. The defendant denied that he had been drinking when the wreck occurred. In *Oliphant* v. *State*, 52 *Ga. App.* 105 (182 S. E. 523), this court held: "Proof of incriminatory admissions will not authorize a charge on the subject of confessions. Unless the admissions are broad enough to comprehend every essential element necessary to make out the case against the defendant, they cannot be held to be admissions of his guilt. 'There is a very wide distinction between admitting the main fact and admitting some minor or subordinate fact or series of facts which could be true whether the main fact existed or not. A confession is a voluntary admission of *guilt;* an admission, as applied to criminal cases, is the avowal of a fact or of circumstances from which guilt *may* be inferred, but only *tending* to prove the offense charged and not amounting to a confession of guilt.' . . Such statements were merely incriminatory admissions and only *tended* to prove their [defendants'] guilt, and it was reversible error for the court to charge the law of confessions." The admission by the defendant that he was driving the car when it was wrecked did not amount to a confession by him that he was driving this automobile while under the influence of intoxicating liquor, even though he was intoxicated when he made this statement, which was some 45 or more minutes after the wreck. "When a person only admits certain facts from which the jury may or may not infer guilt, there is no confession." Proof of an inculpatory admission will not authorize a charge upon the subject of confessions. *Riley* v. *State*, 1 *Ga. App.* 651 (3) (57 S. E. 1031). In *Richardson* v. *State*, 47 *Ga. App.* 138 (169 S. E. 770), this court held: "It was error for the court to charge the law of confessions in this case, there being no proof of a plenary confession by the accused. Such a charge is not authorized by proof of mere incriminatory admissions."

It follows that the court erred in charging the jury as complained of in the special ground of the motion for a new trial. It is not necessary to pass upon the general grounds.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*