## 35903. NELSON *v.* THE STATE.

TOWNSEND, J. 1. To shoot *at* another within the terms of Code § 26-1702, implies an aim and an intent to hit such other person. *Allen* v. *State,* 28 *Ga.* 395 (3) (73 Am. D. 760). Where one shoots recklessly in the direction of other persons and one of them is thereby actually hit, it was held by a divided bench in *Wilson* v. *State,* 13 *Ga. App.* 660 (1) (79 S. E. 767) that a conviction of shooting at another would be authorized, and this is undoubtedly on the theory that in such a case a reckless disregard for human life would take the place of specific intent. Code § 26-201 provides that "a crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence." In such case, however, the fact that the defendant shot *at* another person is to be inferred from the fact that he hit him, and a reckless disregard by the defendant as to whether he would hit the other person may take the place of a specific intention to hit that particular person. Where, as here, however, one sitting in the front seat of an automobile fires repeatedly in the air and to the side of a person immediately behind him in the back seat of the automobile, but does not actually hit him, there is no wound from which an intention to shoot *at* that person may be inferred, and in such circumstances an *intent* to hit must be found by the jury before a conviction would be authorized. Accordingly, the trial court erred in charging that the jury might convict if they found the defendant's act was brought about by criminal negligence on his part and in defining criminal negligence as "just a total and reckless disregard of the other fellow's welfare, where there is no actual intention, positive intention to do anything to him but it is so reckless it is a disregard of the fact that you might under the circumstances work an injury on the other person." Special grounds 2, 4, and 5 of the amended motion for a new trial complaining of errors in the charge of the court on the subject of criminal negligence as authorizing a conviction in this case are meritorious and demand a reversal, especially since it is obvious from the jury's requests for recharge on this subject that it materially influenced them in reaching their verdict.

2. One who shoots a pistol in the direction of another, situated within the range of a pistol, not intending to hit him, but intending to frighten him, is guilty of an assault. *Edwards* v. *State,* 4 *Ga. App.* 167 (60 S. E. 1033); *Holmes* v. *State,* 21 *Ga. App.* 150 (94 S. E. 69); *Hart* v. *State,* 55 *Ga. App.* 85 (2) (189 S. E. 547). Accordingly, the trial court did not err in charging that if the jury found the defendant not guilty of shooting at another they might look further to determine whether he committed an assault.

3. The remaining assignments of error are not passed upon, as they are either without merit or are unlikely to recur, and it is not known what the evidence will be on another trial of the case.

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, JJ., concur.*

DECIDED OCTOBER 11, 1955.

*R. L. LeSeuer, H. B. Williams,* for plaintiff in error.
*Charles Burgamy, Solicitor-General,* contra.