42820. NORRELL v. THE STATE.

Argued June 12, 1967—Decided September 19, 1967.

B. Hugh Ansley, for appellant.

Lewis R. Slaton, Solicitor General, J. Walter LeCraw, J. Roger Thompson, for appellee.

Bell, Presiding Judge. ■ ■ Defendant contends (Enumeration 1) that the verdict finding him guilty of involuntary manslaughter in the commission of an unlawful act was not authorized because there was no evidence that he was in the commission of an unlawful act such as would support a conviction of that offense. The essential elements of involuntary manslaughter in the commission of an unlawful act are, first, the intentional commission of an unlawful act and, second, the killing of a human being without having so intended, but as the proximate result of the intended act. *Wells v. State*, 44 Ga. App. 760 (1) (162 SE 835); *Passley v. State*, 62 Ga. App. 88, 89 (8 SE2d 131); *Williams v. State*, 96 Ga. App. 833 (1a) (101 SE2d 747).

Code § 26-1009, defining involuntary manslaughter, provides: "Where such involuntary killing shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being, or is committed in the prosecution of a riotous intent, or of a crime punishable by death or confinement in the penitentiary, the offense shall be deemed and adjudged to be murder." Under this proviso if the homicide occurs in the commission of a crime punishable by confinement in the penitentiary, involuntary manslaughter is not involved. *Owen v. State*, 202 Ga. 616, 618 (44 SE2d 266).

In *Stallings v. State*, 100 Ga. App. 327 (1) (111 SE2d 109), the evidence showed that the defendant deliberately fired a pistol across a field and into woods under circumstances from which the jury could infer that the defendant knew or should have known of the presence of the deceased in the area and in the general direction in which defendant fired. This court held in that case that the jury were authorized to find that the defendant had committed an unlawful act in firing the pistol under the circumstances (*Code* § 26-1702) and the evidence thus authorized the

verdict finding the defendant guilty of involuntary manslaughter in the commission of an unlawful act.

Under *Code* § 26-1702 shooting at another is a crime punishable by confinement in the penitentiary, and therefore a homicide resulting from that unlawful act would constitute the crime of murder under *Code* § 26-1009. Thus the holding in Division 1 of *Stallings v. State,* 100 Ga. App. 327, supra, is in conflict with *Code* § 26-1009 and with decisions of the Supreme Court and is not binding as precedent.

Although the verdict of involuntary manslaughter could not be based upon the act of shooting at another, yet there was evidence to sustain the view that the defendant was in the commission of a simple assault upon the deceased, and this offense was one embraced in the charge made by the indictment. One who shoots a gun without justification in the direction of another situated within the range of the gun, not intending to hit him but intending to frighten him is guilty of an assault. *Crumbley v. State,* 61 Ga. 582, 584; *Hart v. State,* 55 Ga. App. 85 (2) (189 SE 547); *Nelson v. State,* 92 Ga. App. 738 (2) (90 SE2d 38). Compare, *Edwards v. State,* 4 Ga. App. 167 (60 SE 1033), in which two judges of this court rendered an opinion to the contrary and Judge Powell, concurring specially, commented that "fright is such bodily harm that to shoot in the general direction of a person, with intent to 'bluff or scare' him, is an assault." P. 171. The latter view is consistent with *Crumbley* and undoubtedly represents the law of this State.

Simple assault being a misdemeanor under *Code* § 26-1401, an unintentional homicide proximately resulting from that unlawful act would amount to involuntary manslaughter and not murder.

■ Defendant also contends (Enumeration 8) that the evidence shows that he was justified in returning the fire from the deceased. We need not make any distinction here in the questions whether an intentional homicide would have been justified and whether a mere assault resulting in an unintentional homicide was justified.

"'One who provokes a difficulty may yet defend himself against violence on the part of the one provoked, if the violence

be disproportionate to the seriousness of the provocation, or greater in degree than the law recognizes as justifiable under the circumstances.'" *Creamer v. State,* 47 Ga. App. 660, 663 (171 SE 166); *Sams v. State,* 124 Ga. 25 (52 SE 18). The killing of an aggressor may be justifiable homicide if necessary to prevent a felony against the person or property of another, but a trespass which amounts only to a misdemeanor will not justify a killing. *Crawford v. State,* 90 Ga. 701, 704 (17 SE 628, 35 ASR 242); *Drew v. State,* 136 Ga. 658, 660 (71 SE 1108). If a person provokes a difficulty and the provocation amounts to no more than a mere trespass, it would not put him in the wrong in resisting or defending himself against a felonious attack on account of the provocation. See *Bennett v. State,* 19 Ga. App. 442, 445 (91 SE 889).

The evidence and admissions in this case showed that prior to the exchange of gunfire the defendant and his companions were engaged in a trespass upon the premises where deceased lived. But that trespass would not have justified the deceased in killing the occupants of the car. Here the deceased had thrown a large rock hitting the car and striking one of defendant's companions in the head and immediately afterward he fired a shotgun blast ripping a hole in the side of the car. Under these circumstances the jury would have been authorized to find that deceased was committing a felonious attack upon the boys, and that defendant, acting under the influence of reasonable fear, was justified in resisting the attack with proportionate force.

However, in every instance in which the defendant invokes the theory of justification as a defense, the fundamental question is whether the defendant's act was done only as a measure of prevention against an impending or progressive wrong and was not done pursuant to an illegal purpose originating with the defendant. See *Mize v. State,* 135 Ga. 291, 296 (3) (69 SE 173); *Ward v. State,* 25 Ga. App. 296 (1) (103 SE 726).

Having failed to satisfy his curiosity on the first trip to the premises, the defendant decided to return the next evening and it was his avowed purpose to frighten the deceased. To indulge himself in this morbid amusement he armed himself

with a semi-automatic rifle, a dangerous weapon. And thinking that he had been shot at on his first trip, he nevertheless returned to the premises to expose himself to the same risk again. This seems like the conduct of one indifferent to that danger. Under the bizarre circumstances of this case the jury was clearly authorized to find that in returning deceased's fire, the defendant was not acting under the influence of fear of the attack by deceased and in defense against it, but was acting pursuant to his original avowed purpose of frightening the deceased.

■ The second enumeration complains that the court erred in charging the jury on confessions, there being no evidence that the accused had confessed to the homicide.

"All admissions shall be scanned with care, and confessions of guilt shall be received with great caution." *Code* § 38-420. Under the admonition of this Code section it is incumbent upon the trial court to discriminate precisely in determining whether to charge the jury on the law of confessions. Where there is no proof of a plenary confession by the accused, a charge on the law of confessions is not authorized by proof of mere incriminatory admissions. *Dumas v. State,* 63 Ga. 600, 604; *Powell v. State,* 101 Ga. 9, 19 (29 SE 309, 65 ASR 277); *Suddeth v. State,* 112 Ga. 407, 409 (37 SE 747); *Cleveland v. State,* 114 Ga. 110 (1) (39 SE 941); *West v. State,* 155 Ga. 482, 487 (117 SE 380); *Bloodworth v. State,* 216 Ga. 572 (1) (118 SE2d 374); *Oliphant v. State,* 52 Ga. App. 105 (182 SE 523); *Braswell v. State,* 87 Ga. App. 430, 433 (74 SE2d 106).

There is a broad distinction between mere admissions of inculpatory facts and confessions of guilt. A "confession" is a voluntary statement acknowledging guilt of a criminal offense, and the term "admission" ordinarily signifies the avowal or acknowledgement of a fact or of circumstances from which guilt may be inferred and only tending to prove the offense charged, but not amounting to a confession of guilt. *Riley v. State,* 1 Ga. App. 651, 654 (57 SE 1031). An incriminating statement, to be the equivalent of a confession of guilt, must be so comprehensive as to include every essential element of the offense. When a person admits only some subordinate fact

or series of facts from which the jury may or may not infer guilt and which would be true whether the main fact existed or not, there is no confession. *Covington v. State,* 79 Ga. 687, 690 (7 SE 153); *Weaver v. State,* 135 Ga. 317, 321 (69 SE 488); *Montgomery v. State,* 202 Ga. 678, 682 (44 SE2d 242); *Chappell v. State,* 71 Ga. App. 147 (30 SE2d 289). An acknowledgement of the main fact from which the essential elements of the criminal act may be inferred amounts to a confession of guilt provided the statement is not coupled with a qualifying exclusion of a necessary ingredient of the crime charged. *Owens v. State,* 120 Ga. 296, 299 (48 SE 21); *Powers v. State,* 172 Ga. 1, 12 (157 SE 195). A statement which includes facts or circumstances which show excuse or justification is not a confession of guilt even if it admits the main fact. *Owens v. State,* 120 Ga. 296, 299, supra; *Harris v. State,* 152 Ga. 193 (6) (108 SE 777); *McCloud v. State,* 166 Ga. 436, 441 (143 SE 558); *Pressley v. State,* 201 Ga. 267, 271 (39 SE2d 478).

Where there is proof merely of incriminating admissions and the court charges the jury on the law of confession, the charge may induce the jury to think that the declarations shown to have been made by the accused can be treated not only as a part of the material from which an inference of guilt may be drawn, but as a confession of guilt, direct or indirect, made by the accused. *Lee v. State,* 102 Ga. 221, 225 (29 SE 264); *Fletcher v. State,* 90 Ga. 468, 471 (17 SE 100). Or the charge may mislead the jury to think that the court is of the opinion that the case turns upon matter in evidence which has escaped their attention. *Jones v. State,* 65 Ga. 147, 150.

In this case the defendant has not admitted the homicide. Instead, he sought to establish as a defense that the shots fired by him did not strike the deceased. Thus the main fact is missing. See *Edwards v. State,* 213 Ga. 552, 555 (100 SE2d 172). Moreover, his admissions include statements subject to the construction that he was acting justifiably in shooting in the general direction of deceased. See Division 1 (b).

It was error to charge the jury on confessions.

■ The ninth enumeration complains that the trial court erred in failing to hear and grant defendant's motion to sup-

press all written or oral statements of the defendant and the other boys riding in the vehicle when the shooting occurred and all evidence obtained as the result of seizure of the vehicle, which belonged to another person, and the rifle used by defendant.

Section 13 of an Act approved March 16, 1966 (Ga. L. 1966, pp. 567, 571; *Code Ann.* § 27-313) provides: "(a) A defendant aggrieved by an unlawful search and seizure may move the court for the return of property the possession of which is not otherwise unlawful and to suppress as evidence anything so obtained. . . (b) The motion shall be in writing and state facts showing wherein the search and seizure were unlawful. . ."

Under the express terms of Section 13 the only persons entitled to its benefit are persons "aggrieved by an unlawful search and seizure." No provision is made in this section for pre-trial suppression of evidence deemed illegal for reasons other than unlawful search and seizure. The motion to suppress here avers that the statements referred to were secured by police officers as a result of illegal arrests and detention, not as a result of an unlawful search and seizure. These statements should have been made the basis of objections at the trial and not the basis of a pre-trial motion. See United States v. Tuzzo, 9 F. R. D. 466.

With respect to the rifle and the vehicle, the motion to suppress failed to state facts showing that the property was taken from any house or place owned, occupied or used by the defendant or that the defendant had any proprietary interest in or right to possession of the property seized. See Elkins v. United States, 266 F2d 588, 595. It therefore failed to show that he was a person "aggrieved by an unlawful search and seizure" within the terms of the Act. "In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else." Jones v. United States, 362 U. S. 257, 261 (80 SC 725, 4 LE2d 697, 78 ALR2d 233); Diaz-Rosendo v. United States, 357 F2d 124, 131.

The court did not err in refusing to hear and grant defendant's defective motion to suppress.

■ The third enumeration complains that the court erred in admitting in evidence the written statements given to police officers by four of the boys who were in the vehicle with defendant when the shooting occurred and that the court erred in delivering these statements into the possession of the jury during their deliberations. The record shows that the defendant offered into evidence the statements of one of the boys and that both parties stipulated that the statements of all four boys be admitted. After the statements were admitted without objection, there was no timely motion or objection made with reference to prohibiting the statements from being considered by the jury during their deliberations. In the absence of proper motion or objection it was not error if in fact these documents were delivered to the jury. *Smithwick v. State*, 199 Ga. 292, 302 (10) (34 SE2d 28). Compare *Shedden v. Stiles*, 121 Ga. 637, 639 (4) (49 SE 719); *Strickland v. State*, 167 Ga. 452, 460 (6) (145 SE 879); *Royals v. State*, 208 Ga. 78, 79 (2) (65 SE2d 158).

■ Enumerations 10, 15, 16 and 18 complain of the exclusion of testimony which defendant contends was relevant to the involuntary character of the two written statements defendant gave police officers shortly after his arrest. The exclusion of this testimony, if error, was harmless because defendant reiterated substantially all the salient particulars of the extrajudicial statements in his unsworn statement on the trial and there was no material inconsistency between the former and the latter.

■ Enumerations 6, 11, 12 and 13 complain that during the course of the trial the court expressed an opinion on the evidence. As defendant failed to object or move for mistrial when the judge made the remarks or rulings in question, these enumerations will not be considered. *Palmer v. Stevens*, 115 Ga. App. 398 (5) (154 SE2d 803) and citations; *Perdue v. State*, 135 Ga. 277, 281 (69 SE 184); *Herndon v. State*, 178 Ga. 832, 850 (6) (174 SE 597); *Coates v. State*, 192 Ga. 130, 138 (15 SE2d 240).

■ Enumerations 4, 5, 7, 14, 17, 19, 20 and 21 are without merit.

*The judgment is reversed for the reason stated in Division 2 of the opinion. Pannell and Whitman, JJ., concur.*