## 50344. HARSHAW v. THE STATE.

QUILLIAN, Judge.

Defendant was convicted of aggravated assault by shooting Gary Nichols with a pistol; reckless conduct by endangering the bodily safety of other persons at the scene of the shooting; and carrying a pistol without a license. He has appealed the judgment of conviction to this court. *Held:*

1. Defendant contends the trial judge erred in denying his attorney the right to question him about whether the victim and his friends were "known to carry weapons" and whether "any of them had threatened" him. The evidence showed defendant testified that he did not know whether "any of them" had weapons. Although no basis was stated for the objection to the first question it is probable that it was because of its leading nature. The objection to the latter question was sustained only on the basis of its leading nature. The ruling was correct. Counsel did not rephrase either of his leading questions and is deemed to have abandoned them. We find no error in the procedure followed.

2. After the shooting, the police officer on duty at the school where this incident occurred went toward that area. The defendant ran up to him, handed him a pistol and said: "I'm the one that did the shooting." The judge charged the jury on the law of confessions. Defendant now complains that the court erred as "there was no plenary confession of the accused but only incriminatory admissions." Mere incriminating statements will not authorize a charge to the jury on confessions. *Oliphant v. State,* 52 Ga. App. 105 (182 SE 523). Further, a statement which admits the commission of the act charged but also gives a legal excuse or justification, is not a confession. *Owens v. State,* 120 Ga. 296 (48 SE 21). However, as in the instant case, when the defendant admits the assault with which he is charged and states no facts or circumstances showing excuse or justification, a charge on confessions is authorized. *Weatherby v. State,* 213 Ga. 188, 189 (97 SE2d 698). See also *Holcomb v. State,* 130 Ga. App. 154, 156 (202 SE2d 529); *Bonds v. State,* 232 Ga. 694 (208 SE2d 561).

3. The final enumeration of error alleges that the

defendant should not have been convicted of both aggravated assault and reckless conduct when "only one incident was involved and the greater offense of aggravated assault necessarily included the lesser offense of reckless conduct." Code Ann. § 26-506 (Ga. L. 1968, pp. 1249, 1267) permits multiple prosecutions for the same conduct which establishes more than one crime. However, a defendant may not be convicted of more than one offense if one is included within the other, or the crimes differ only in that one statute prohibits a designated type of conduct generally and the other statute prohibits a specific instance of such conduct. Code Ann. § 26-505 (Ga. L. 1968, pp. 1249, 1267) defines one crime as being included within another crime charged when it can be established by proof of the same or less than all of the facts required to establish the greater offense, or differs only in the respect that a less serious injury or risk of injury *to the same person,* property, or public interest, or lesser kind of culpability is required. It is evident from the wording of the statute that the legislature did not intend one crime to be included within another if each crime affected a different person. One act which commits an aggravated assault against a named individual does not include a reckless conduct offense against individuals other than the person named in the greater offense. See *Brown v. State,* 129 Ga. App. 743, 746 (201 SE2d 14). Each offense has separate and distinct elements of proof not included within the other offense. See *Thomas v. State,* 128 Ga. App. 538 (197 SE2d 452). The trial court did not err in permitting the jury to consider these crimes as separate offenses.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED MARCH 10, 1975 — DECIDED APRIL 18, 1975.

*Harl C. Duffey, Jr.,* for appellant.

*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.