## 51479. ROBERTS v. THE STATE.

MARSHALL, Judge.

Appellant was indicted, tried, convicted and sentenced in Tattnall Superior Court for the offense of escape. His motion for a new trial based on the general grounds was overruled and he appeals.

Appellant admitted the commission of the offense of escape, in that he walked away from a work detail just outside the fence surrounding a portion of the prison reservation. He was recaptured without resistance some thirty minutes later, after the alarm was sounded and the bloodhound detail trailed him a distance of more than four hundred yards from the prison fence.

His sole contention on appeal apparently is that he warned the prison guard in charge of his work detail that he, appellant, would try to escape (or "walk away") if permitted to work outside prison walls or fences because of an "irresistible impulse to run away"; that his departure resulted when the guard disregarded his warning, and that there was, therefore, no intent on the part of appellant to commit the crime of escape. *Held:*

That appellant committed the offense of escape cannot be questioned in the light of the record before this court. In fact, he admitted the acts which constitute the elements of the offense. The evidence demanded a verdict of guilty. *Carter v. State,* 133 Ga. App. 446 (211 SE2d 401).

The jury apparently chose to disregard the testimony offered by him and a fellow inmate that appellant had requested his detail guard not to permit him to work an outside detail because of his irresistible impulse to run away. Such questions are for the jury. *Syck v. State,* 130 Ga. App. 50 (202 SE2d 464).

In reaching its verdict, the jury rejected his contention that he was overcome by an irresistible

impulse to run away. There was no medical testimony whatsoever to support the asserted inability to resist such an impulse. Section 26-703, Criminal Code of Georgia (1968 Ga. L., pp. 1249, 1270); *Rozier v. State,* 185 Ga. 317, 320 (195 SE 172).

Convictions for escape appealed to this court often are characterized by ingenious and unique contentions on which we are asked to base reversals. See: *Biddy v. State,* 127 Ga. App. 212 (193 SE2d 31); *Bolick v. State,* 127 Ga. App. 542 (194 SE2d 302); *Hill v. State,* 135 Ga. App. 766 (219 SE2d 18). This case is no exception. Unfortunately for these appellants, their reasons have rarely been meritorious. This appeal, likewise, is completely lacking in merit.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

Submitted November 3, 1975 — Decided January 6, 1976.

*Carroll L. Cowart,* for appellant.

*John W. Underwood, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.