## 60287. GODBEE v. THE STATE.

CARLEY, Judge.

Appellant appeals his conviction of escape.

1. In the jury charge the following instruction was given: "The true question in all criminal cases is not whether it be possible that the conclusion to which the evidence points may be false, but is whether the evidence is sufficient to, and does, satisfy your minds and consciences to a moral and reasonable certainty, and beyond a reasonable doubt that the defendant is guilty as charged." Appellant urges that this instruction was erroneous because it was confusing and could "be interpreted as amounting to an expression or an opinion as to which way the evidence points." This argument is totally without merit. The quoted charge was an accurate instruction on "reasonable doubt," substantially in the language of Code Ann. § 38-110. *Owen v. State,* 202 Ga. 616, 617 (3) (44 SE2d 266) (1947); *Daniel v. State,* 61 Ga. App. 663, 664 (1) (7 SE2d 204) (1940). "The language of the instruction is not reasonably susceptible of the meaning appellant suggests. Appellant refers us to no authority casting doubt on the propriety of the language quoted, and we are aware of none. The charge was proper, and the enumeration is meritless." *Sanford v. State,* 153 Ga. App. 541, 543 (3) (265 SE2d 868) (1980).

2. The evidence authorized the verdict. *Roberts v. State,* 137 Ga. App. 215 (223 SE2d 256) (1976); *Holt v. State,* 143 Ga. App. 438 (238 SE2d 763) (1977).

3. The jury returned after several hours of deliberation and informed the court that they had been unable to reach a unanimous verdict, the vote being 11 to 1. The trial court did not ask the jury to indicate whether the eleven were for appellant's conviction or his acquittal but stated: "Well, I'm going to let you go back and deliberate a little while longer. There is no reason to believe that any jury that would be selected would be any more qualified than this jury

to try this case. So I'm going to let you go back and deliberate a little while longer to see if you can reach a verdict in the case. So we will follow that procedure for the time being." Appellant's motion for a mistrial based upon the court's instruction to the jury to resume deliberations after announcing how they stood numerically was overruled. Appellant enumerates as error the denial of this motion for mistrial. We find no abuse of discretion under the existing circumstances in the refusal of the trial court to declare a mistrial and, accordingly, no reversible error. *Muhammad v. State,* 243 Ga. 404, 407 (4) (254 SE2d 356) (1979).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JULY 10, 1980 — DECIDED SEPTEMBER 9, 1980.

*Stanley C. House,* for appellant.
*Richard E. Allen, District Attorney,* for appellee.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*