## 60798. WILLIAMS v. THE STATE.

DEEN, Presiding Judge.

Charlie Williams brings this appeal from his conviction of aggravated assault following the denial of his motion for a new trial

contending that the trial court erred by failing to distinguish in its charge between an admission and a confession. *Held:*

The defendant's oral statement to a police officer was admitted into testimony. It is, however, rather confused and it is impossible to tell whether it is a mere admission or a full confession. The trial court charged on the admissibility of an admission or incriminatory statements as this charge is found in the Judicial Council's pattern jury instructions. At no point did the court refer to the defendant's statement as a confession.

Where there is no proof of a full confession, but only evidence of incriminatory statements, it is error to charge on the law of confessions. *Norrell v. State,* 116 Ga. App. 479 (157 SE2d 784) (1967); *Robinson v. State,* 232 Ga. 123 (205 SE2d 210) (1974). As the trial court charged on an admission or incriminatory statement, we find no error. Where there is no mention of a confession during the trial, we find no reason for the trial judge to give a charge distinguishing between a confession and admission.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 6, 1981 —
REHEARING DENIED JANUARY 16, 1981 —

*Lee Payne,* for appellant.
*J. W. Morgan, District Attorney,* for appellee.